Ray T. BLACKWELL, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26778.

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Henri J. Watson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The appellant brought a petition for writ of error coram nobis to invalidate a criminal conviction. The trial court treated the pleading as a proceeding under Rule 27.26, V.A.M.R., and, after hearing, determined that appellant was not entitled to relief under either theory of action.

The appellant had been found guilty of robbery in May of 1961 and sentenced to a term of five years. In that proceeding, he was represented by appointed counsel Hayden. The conviction was not appealed and the term has been served.

Then, in April of 1969, appellant was found guilty by a jury of statutory rape and was sentenced to a term of ten years, under which he is presently held. The appellant was prosecuted and convicted as a second offender and the conviction of May of 1961 was the basis for the enhancement of punishment. This subsequent conviction was affirmed in State v. Blackwell, 459 S. W.2d 268 (Mo. banc 1970). The appellant has sought post conviction relief from the 1969 rape judgment by five separate federal petitions for writ of habeas corpus [ultimately determined against him on the merits] as well as by three separate motions under Rule 27.26.

The petition for writ of error coram nobis, brought in November of 1972, attacked the 1961 robbery conviction on allegations (1) that appellant was effectively denied appeal because he was not informed of that right by trial counsel, and (2) that he was denied the equal protection of the laws because neither the court nor trial counsel informed him of his right to appeal in forma pauperis.

The evidence given by the appellant was consistent with these contentions, that he was at that time a tyro in such matters and without knowledge of his rights. The evidence given by counsel Hayden was that he had no recollection of that event of some twelve years earlier, nor of any conversations he may then have had with appellant, but that it was his practice to inform clients of the right to appeal from a criminal conviction and, if indigent, of the right to proceed in forma pauperis.

The court found that as a matter of law coram nobis was not an appropriate remedy because the failure of a counsel to inform a client of the right to appeal from a criminal conviction is not such an error of fact which, if known to the court would have defeated the power of the court to render the judgment. The court concluded further that the pleading was actually an attack on the 1969 sentence as a conviction under the second offender statute and as such was properly cognizable under the Rule 27.26 procedure, and since the complaints raised were known to appellant and could have been adjudicated by him in one of the three previous post conviction attacks on that judgment, appellant was foreclosed from that issue on a successive motion.

The only issue of fact presented on the hearing was concluded against the appellant, the court having determined that appellant failed to carry his burden of proof as to whether he had been informed of his right to appeal.

We need not determine the contention of the appellant that since coram nobis gives relief to one wrongfully prevented from taking an appeal from a criminal conviction [State v. Scott, 492 S.W.2d 168 (Mo. App.1973)], the trial court erred in refusing his petition as such a pleading. The issue of fact upon which coram nobis relief rested—that appellant had not been informed of his right of appeal—was heard and found against him; therefore, even

had the court formally adjudicated the petition, appellant was entitled to no relief. It is also evident that had the court considered the claim on the merits under Rule 27.26, the finding of fact which forecloses coram nobis relief, forecloses relief under that procedure as well.

The judgment is affirmed.

All concur.