Allen LUBLIN, Petitioner,

v.

Floyd E. ARNOLD, Warden, U. S. Penitentiary, Lewisburg, Pa., Louis Lefkowitz, Attorney General, State of New York and David G. Trager, U. S. Attorney for the Eastern District of New York, Respondents.

No. 77 C 1436.

United States District Court,
E. D. New York.

Dec. 14, 1977.

Allen Lublin pro se.

Louis J. Lefkowitz, Atty. Gen., New York City (Clement Berne, New York City, of counsel), for respondents.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner Allen Lublin petitioned for a writ of habeas corpus, alleging that the procedure used in procuring his attendance, while he was a federal prisoner, at proceedings on a felony complaint in the Nassau County District Court, violated the Interstate Agreement on Detainers, to which both the United States and the State of New York are signatories (18 U.S.C. Appendix; N.Y.Criminal Procedure Law § 580.20). Petitioner also requested an order under 28 U.S.C. § 2251 staying the state court from proceeding on the felony complaint.

Judge Bramwell, to whom this case was originally assigned, issued an order to show cause why the petition should not be granted, and the Attorney General for the State of New York filed an affidavit in opposition to the petition. Petitioner subsequently filed his "traverse".

No lengthy recitation of the facts alleged is necessary, for it is clear that the petitioner has not exhausted his state remedies, and thus the petition must be denied at this time. Briefly, the facts are these. During October of 1976, while petitioner was being held at the Metropolitan Correctional Center ("M.C.C.") in New York on federal firearms charges, a felony complaint was lodged against him in the Nassau County District Court, and a detainer was filed against him at the M.C.C. Three times in February of 1977 he was brought from the M.C.C. to the state court to attend proceedings on the state indictment and returned to the M.C.C. after each day's proceedings. On February 22, 1977, petitioner was sent to the Lewisburg Federal Penitentiary to serve his federal sentence. On April 16, 1977, petitioner was once again brought to Nassau County District Court, and on May 25, 1977, he moved to dismiss the state charges, alleging a violation of the Agreement on Detainers. The motion was denied, and in July of 1977, petitioner pleaded guilty to the state charges. A day before his plea of guilty he filed the instant petition. On August 3, 1977, petitioner was returned to Lewisburg to serve out the balance of his sentence. On August 17, 1977, petitioner appealed from his state conviction, and that appeal is presently pending.

Even though petitioner is presently incarcerated in a federal, rather than a state prison, under 28 U.S.C. § 2254 he may not file a petition here without exhausting his state court remedies. Since petitioner is attacking a state conviction, and presumably New York has filed a detainer with the federal authorities at Lewisburg, it would seem that the detainer would be adequate basis for a finding that petitioner is in state "custody" for purposes of 28 U.S.C. § 2254 and that the petition would thus be governed by that statute. See *Estelle v. Dorrough,* 420 U.S. 534, 536 n. 2, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489, n. 4, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *United States ex rel. Meadows v. State of New York,* 426 F.2d 1176 (2nd Cir. 1970), *cert. denied,* 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971).

Even if the words "in custody" in § 2254 were to be read strictly and literally, the case would stand no differently for then the petition would be maintainable, if at all, only under 28 U.S.C. § 2241, the general jurisdictional habeas corpus statute, and it has been held that the exhaustion requirement applies equally to petitions under that statute. *Moore v. DeYoung,* 515 F.2d 437, 442 (3rd Cir. 1975).

As petitioner's appeal from the conviction in Nassau County District Court is present-

ly pending, the petition for a writ of habeas corpus is denied. For the same reason, the petition for an order staying the state court from proceeding is also denied. So ordered.