Chief Judge Desmond.
Again (see People v. Hill, 8 N Y 2d 935, and People v. Hairston, 10 N Y 2d 92) we inquire as to the rights and remedies of a criminal case defendant who alleges that, through his own ignorance or because of his attorney’s failure to follow through on an appeal, he was in practical effect denied access to the appellate court.
Appellant, now in prison serving a 20 year to life sentence imposed on him in Kings County Court in May, 1950 after a verdict of guilty of second degree murder, is apj)ealing here (by leave of one of our Judges) from an Appellate Division, Second Department, order of May 7, 1962 which denied his motion to that court to vacate its earlier (May, 1951) dismissal of his appeal from the judgment of conviction. His petition for vacatur asserted that he was 18 years old when he was convicted, that after the conviction his court-assigned lawyer took a timely appeal to the Appellate Division but never informed defendant that the appeal had been taken and took no further action on the appeal, and that about a year later the Appellate Division on the prosecutor’s motion and without notice to defendant dismissed the appeal for failure to perfect it, of which dismissal order defendant got no notice or information. Thus, says defendant, he lost his right to appeal without ever knowing he had such a right and an appeal of the taking of which he had no notice was dismissed without his ever knowing of its existence, much less its dismissal.
Years later (1958) defendant asked of the Appellate Division that he be furnished a free transcript of the record of his trial. *420 The District Attorney, opposing, called to the court’s attention the 1951 dismissal and the court denied the prisoner’s request for the minutes. This, says defendant, was his first knowledge of any of the earlier procedures in the Appellate Division. In 1958 and in 1962, both times without an attorney, he moved the Appellate Division to set aside the 1951 dismissal and let him appeal and each time the prosecutor notified the court that he did not oppose the reopening. But each time the Appellate Division refused vacatur. There has never been a hearing as to the truth of defendant’s denials of knowledge or notice of the taking and dismissal of the abortive appeal but the District Attorney has apparently accepted them as true. In July, 1962 a Judge of this court granted defendant leave to appeal here from the 1962 Appellate Division order and that appeal has been briefed and argued here for defendant by counsel assigned by us. The District Attorney in written brief and oral argument joins in defendant’s prayer for reversal, asking us to send the matter back to the Appellate Division “ for further proceedings in order to determine whether or not appellant’s assigned trial counsel, after filing a notice of appeal from the judgment of conviction, had without notifying appellant of his intention so to do, abandoned the appeal.”
Obviously, if defendant’s sworn petition speaks truthfully, his right to appeal has been as effectively frustrated as were the appeal rights of Hill (8 N Y 2d 935, supra) who swore that he was insane during the time limited by statute for taking an appeal or of Hairston (10 N Y 2d 92, supra) whose petition said he had been unable to file a timely appeal because the prison authorities prevented him. Even more recent is the Fourth Department Appellate Division’s case of People v. Coe (16 A D 2d 876) where a coram nobis hearing was directed so as to determine “ whether or not appellant was prevented by the acts of his assigned counsel from complying with the statutory requirements for the taking and perfecting of an appeal from the judgment of conviction.” On February 28, 1963, in People v. Stanley (12 N Y 2d 250), we again endorsed the use of coram nobis procedures to “ explore the validity” of a dismissal of an appeal from a criminal conviction. One wrongfully prevented from taking or perfecting such an appeal is “ entitled to judicial redress ” by way of coram nobis where no other avenue of judicial relief is available (People v. Hairston, supra).
*421 The present appeal to this court must, however, be dismissed. Whether we take it at its face as an appeal from an Appellate Division order refusing vacatur of an appeal dismissal, or even enlarge the appeal so as to consider it to be from an Appellate Division order denying coram nobis relief, it comes within none of the classes of criminal case orders appealable to this court (see Code Grim. Pro., § 517, subd. 3; § 519).
In dismissing this appeal, however, we make it clear that defendant’s right and remedy is by a coram nobis petition to the Supreme Court, Kings County (as successor to the former County Court of Kings County), and to a hearing as to the truth of his assertions. If he proves them, he will be entitled to the reinstatement of his appeal to the Appellate Division from the judgment of conviction.
The appeal should be dismissed.
Judges Dye, Fuld, Van Voorhis, Burke, Foster and Scileppi concur.
Appeal dismissed.