Chief Judge Fuld.
The sole question presented is whether a defendant is entitled to a coram nobis hearing when his petition alleges, in effect, that he was prevented from exercising his right to appeal from the judgment of conviction by an assurance from the lawyer, who had been assigned to represent him upon a trial, that an appeal would be taken on his behalf.
The defendant was convicted in June of 1964 of the crime of manslaughter and sentenced to prison for an indeterminate term of from 5 to 10 years. No notice of appeal was ever filed. However, three years later, in July, 1967, the defendant made the present application for coram nobis relief on the ground that he had been misled into permitting the time to appeal to lapse by virtue of his assigned counsel’s representation and assurance. In particular, he claims that he had asked counsel whether ‘ ‘ there was anything else which could be done, anyone else [to whom] he may appeal ” and that the latter told him “ not to worry, that everything would be taken care of in due time ’’.[1]
We recently held that a defendant who fails to file a timely notice of appeal because of his reasonable reliance on his assigned counsel to do so is entitled to relief by way of coram nobis. (See People v. Ramsey, 23 N Y 2d 656, revg. 28 A D 2d *129 1101; see, also, People v. Montgomery, 24 NY 2d 130, also decided today.) This, it should be noted, but followed other decisions of our court which granted such relief where assigned counsel misled an indigent defendant by telling him that an appeal would be costly (see People v. Ludwig, 16 N Y 2d 1062) or where counsel decided, on his own initiative, to abandon an appeal that had already been instituted. (See People v. Lamplcins, 21 N Y 2d 138; People v. De Renzzio, 14 N Y 2d 732; see„ also, Anders v. California, 386 U. S. 738; Entsminger v. Iowa, 386 U. S. 748.) In the face of these decisions, the earlier cases which denied relief for assigned counsel’s failure to carry out a promise to take an appeal have been effectively overruled and may no longer be considered authoritative. (See People v. Kling, 14 N Y 2d 571; People v. Marchese, 14 N Y 2d 695.)
The defendant herein is entitled to a hearing as to the truth of his allegations that his lawyer had led him to believe that an appeal would be taken and that he reasonably relied on that assurance. If it be found upon the hearing that he was induced, by reason of that representation, to allow his time to take an appeal to expire or that he was misled as to his right to appeal, he should — in accordance with the procedure we have adopted —.'be resentenced nunc pro tunc upon the previous finding of guilt so as to afford him “ an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal ¡would date from the rendition of the new judgment. ’ ’ (People v. Hairston, 10 N Y 2d 92, 94; see, also, People v. Adams, 12 N Y 2d 417, 420-421.)
The order appealed from should be reversed and the case remitted to the County Court, Suffolk County, in accordance with this opinion.
Judges Burke, Bergan and Keating concur; Judges Scileppi, Breitel and Jasen concur in result on the grounds that defendant’s court-assigned lawyer allegedly promised to take an appeal, had failed to do so and had subsequently been disbarred for similar omissions to take appeals in criminal cases although he had promised to do so.
Order reversed and case remitted to the County Court, Suffolk County, for a hearing in accordance with the opinion herein.

. This attorney was subsequently disbarred on .the ground, among others, that he had taken fees- from defendants in criminal eases for the purpose .of prosecuting appeals and had failed to do so. (See Matter of Suffolk County Bar Assn. v. La Freniere, 26 A D 2d 946, 947.)