**STATE of Missouri, Plaintiff-Respondent,**

v.

**Henry John SCOTT, Defendant-Appellant.**

**No. 9372.**

Missouri Court of Appeals, Springfield District.

March 1, 1973.

Melvin E. Carnahan, Rolla, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PAUL E. CARVER, Special Judge.

This is an appeal from an order denying Henry John Scott an evidentiary hearing on his application for a writ of error coram nobis.

Petitioner-appellant, to whom we shall refer hereafter as movant, on January 7, 1972, filed in the office of the Circuit Court of Phelps County a motion styled "Application for Writ of Error Coram Nobis." Accompanying this motion was a sworn statement of fact and a brief.

Movant, having been found guilty of the charge of burglary in the second degree, was assessed a sentence of five years under the Second Offender Act. At his preliminary hearing he was represented by Mr. Jay White, a member of the Phelps County Bar. On this appeal movant is represented by Mr. Melvin E. Carnahan, of the Phelps County Bar, as a court-appointed attorney.

Movant's motion is poorly drawn. It consists of conclusions, vague statements of fact, and various irrelevant citations of legal authorities in support of the motion. It may be noted that the motion was not prepared by Mr. White or his court-appointed counsel, Mr. Carnahan.

The record is not clear whether movant has complied with the sentence assessed against him. It does disclose he was sentenced on March 21, 1967, to a term of five years, after trial by jury under the Second Offender Act, and that his motion for a writ of error coram nobis was filed on January 7, 1972. Considering that at the time of this decision movant would have completely served the sentence assessed, we conclude that movant has now served the sentence assessed against him. In his statement he states, "Writ of error coram nobis is available to establish that defendant was denied due process when convicted, although defendant had already served his sentence." He also cites cases that hold coram nobis is a proper remedy to attack prior convictions where the sentence has been served. We shall consider his complaints based on the assumption he has served the sentence assessed against him.

On March 14, 1967, movant was convicted by a jury in the Circuit Court of Phelps County on the charge of burglary in the second degree. He was represented at that time by Jay White, an attorney of his own choosing. On March 17, 1967, a motion for a new trial was filed. On March 21, 1967, the motion for a new trial was denied, and on the same date movant was sentenced by the court to a term of five years confinement under the supervision of the State Department of Corrections.

On January 7, 1972, nearly five years later, appellant filed Application for Writ of Error Coram Nobis. The material parts of the movant's grounds for invalidating the judgment and sentence are as follows:

"Writ of Error Coram Nobis is available to establish that defendant was denied due process when convicted, although defendant had already served his sentence and was not entitled to relief under Rule 27.-26." He further complains that: "On the Twenty-First day of March, 1967, Petitioner-Defendant herein was sentenced to five years in the Department of Corrections for Burglary in Second Degree . . . and Petitioner has a right to this writ in this court because his Attorney Jay White in Cause No. 3844 did not appeal said Cause. Defendant family paid said Attorney to represent defendant Henry J. Scott herein, but after conviction said Attorney did not appeal said cause and deprived the defendant herein of aid of counsel at a critical stage of the proceeding, and let (sic) defendant herein to believe that he, Jay White, Attorney was appealing said Cause."

On January 17, 1972, the trial court made the following entry: "Now on this day the Court takes up Application of Petitioner Henry J. Scott for Writ of Coram Nobis and after due consideration said Application be and hereby is denied."

Movant has briefed only the following point: "The trial court erred in denying appellant's motion for writ of error coram nobis because the ruling was made without an evidentiary hearing where appellant's motion raised the fact issue of whether his attorney led him to believe an appeal was being taken and then did not appeal." We shall consider it.

The trial court had jurisdiction to consider movant's application for a writ of error coram nobis. Peterson v. State, Mo., 476 S.W.2d 608, 610(5). It is an appropriate remedy to attack prior convictions where adequate facts exist and are well pleaded, although the sentence has been served. Laster v. State, Mo., 461 S.W.2d 839, 840(1); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

It is apparent the trial court, without having an evidentiary hearing or movant being present, considered the motion and determined from it that the motion should be denied. It is our duty to determine if the trial court was justified in not holding an evidentiary hearing.

One wrongfully prevented from taking or perfecting an appeal from a criminal conviction is entitled to coram nobis relief where no other avenue of judicial relief is available. People v. Adams, 12 N.Y.2d 417, 240 N.Y.S.2d 155, 190 N.E.2d 529, 531(1); 18 Am.Jur.2d Coram Nobis § 21, p. 486; State v. Stodulski, Mo., 298 S.W.2d 420, 422(3), 424(5); State v. Harrison, Mo., 299 S.W.2d 479, 481(1). The failure of counsel to take the simple steps required to take an appeal when instructed by his client to do so would amount to deprivation of movant's constitutional right to effective assistance of counsel. Williams v. United States, 8 Cir., 402 F.2d 548, 552 (7, 8).

Movant's motion alleges facts on the face of the motion entitling him to a hearing on his motion. We hold that the trial court erred in not holding an evidentiary hearing on this motion.

It is hereby ordered that said cause be reversed and remanded. It is further or-

dered that the trial court: (1) Hold an evidentiary hearing. (2) Make written findings of fact and conclusions of law. (3) Determine from the evidence if movant is entitled to any relief. It is so ordered.

TITUS, C. J., and HOGAN and BILLINGS, JJ., and CAMPBELL, Special Judge, concur.

STONE, J., not sitting.