William Arthur BOOKER, Jr.,
Petitioner,

v.

Walter R. KELLY, Superintendent of
Attica Correctional Facility,
Respondent,

and

Howard R. Relin, District Attorney of
Monroe County, Intervenor.

No. CIV–86–0273T.

United States District Court,
W.D. New York.

May 30, 1986.

William Arthur Booker, Jr., pro se.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y. (Carlos Rodriguez, Asst. Atty. Gen., of counsel), Rochester, N.Y., for respondent.

Howard R. Relin, Dist. Atty., Monroe County (Wendy Evans Lehmann, Asst. Dist. Atty., of counsel), Rochester, N.Y., for intervenor.

## DECISION and ORDER

TELESCA, District Judge.

William Booker, who is presently incarcerated at the Attica Correctional Facility, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is dismissed on the grounds that Booker has failed to exhaust State remedies.

## BACKGROUND

Booker was convicted following a jury trial on January 21, 1983 of robbery in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, grand larceny in the third degree, and assault in the second degree. On April 4, 1983, he was sentenced to an indeterminate term of incarceration of 12½ years to life.

Booker filed a notice of appeal on April 4, 1983, more than three years ago. On December 5, 1983, eight months later, the Appellate Division, Fourth Department assigned the Monroe County Public Defender to represent Booker on his appeal. On January 18, 1984, more than two years ago, the Appellate Division substituted Nigos Karatas, Esq., as attorney for Booker on appeal.

It has now been more than three years since Booker filed his notice of appeal, and more than two years since Nigos Karatas was appointed as his appellate counsel. Yet the District Attorney now informs this Court that no brief has yet been filed on Booker's behalf, and that the appeal is still pending before the Appellate Division.

In this federal habeas corpus petition, Booker does *not* seek to challenge the constitutionality of his judgment of conviction. Nor does he ask this Court to decide the constitutional claims that he has intended for several years to present to the Appellate Division on direct appeal from his conviction. Rather, like the petitioner in *Harris v. Kuhlman*, 601 F.Supp. 987 (E.D.N.Y. 1985), Booker concedes that he is "raising only the issue of the interminable wait for his appeal," which he contends is itself a denial of his constitutional rights of due process and equal protection (Petitioner's Memorandum of law at 16). Booker maintains that he is now being held in custody unlawfully, on the grounds that the prolonged delay in the disposition of his appeal has (1) denied him effective assistance of appellate counsel, and (2) impeded his effective access to the appellate process. On the basis of those two claims, Booker contends that his continued custody violates the Constitution, regardless of whether the original judgment of conviction was lawfully obtained.

## DISCUSSION

■ Booker concedes in his petition and memorandum that he has never presented to the courts of New York State his contention that he was denied an asserted federal constitutional right by the undue delay in

the processing of his appeal.[1] That claim, like any other claim for federal habeas corpus relief, is subject to the rule requiring exhaustion of State remedies. *Roberson v. State of Connecticut*, 501 F.2d 305, 309 (2d Cir.1974). Consequently, there is no question that Booker has failed to exhaust the remedies available in the courts of New York, which ordinarily will require dismissal of the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Under 28 U.S.C. § 2254(b), a State prisoner may apply for habeas corpus without exhausting State remedies if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Booker argues that his case satisfies this narrow exception to the exhaustion doctrine, since he has waited more than three years since the filing of his notice of appeal for a brief to be prepared on his behalf by his appointed appellate counsel.[2] Booker asserts that this delay reflects a fundamental inadequacy in the appeal process, which has effectively blocked his ability to exhaust state remedies. (Petition at ¶ 13.)

In *Ralls v. Manson*, 503 F.2d 491, 493–94 (2d Cir.1974), the Court of Appeals held that a three and one-half year delay in processing a Connecticut prisoner's criminal appeal, though deplorable, was "not the equivalent of a complete absence of effective state appellate process and therefore does not excuse the failure to exhaust state remedies." In reaching that conclusion, the Court of Appeals noted that the State of Connecticut provided procedural remedies for expediting the disposition of criminal appeals. *Id.*, at n. 5. Booker attempts to distinguish the *Ralls* holding on the grounds, among others, that the New York State Appellate Division, Fourth Department, offered no similar mechanism at the time of his conviction. Yet even if that were the case, it would not follow that there was "a complete absence of effective state appellate process," *id.*, as long as the prisoner "has the right under the law of the state to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[3]

---

1. In a letter dated May 23, 1985, Booker informed Carmen Leone, Clerk of the Appellate Division, that he wished to proceed *pro se* with his appeal "because of a complete lack of communication with my present attorney, Mr. Nigos Karatas" (Petitioner's Exhibit 5). That simple allegation, in a letter to the Clerk of the Court, did not fairly present to the state courts the substance of his present federal habeas corpus claims, in satisfaction of the exhaustion requirement of § 2254. *See Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). Petitioner does not contend otherwise.

2. In light of my disposition of the exhaustion issue, I need not reach the question of whether the State of New York may be held responsible for any delay that is attributable to the fault of appointed appellate counsel, for the purposes of assessing the adequacy of available state remedies. I therefore assume for the purposes of this decision, as Judge Weinstein held in *Harris, supra*, that the State may be held accountable for such delays.

3. On the issue of exhaustion, Booker relies on a number of cases in which state prisoners suffered unreasonable delay while waiting for a decision on a constitutional claim that had already been presented by them to the courts of the state. *See, e.g., Sapienza v. Vincent*, 534 F.2d 1007 (2d Cir.1976). That reliance is misplaced. In those cases, unlike this one, the prisoner may fairly be said to have *exhausted* his remedies, since he has given the state courts a fair opportunity to pass on the merits of his claims. It is therefore irrelevant whether such prisoners could have pursued other state remedies, since the exhaustion doctrine only requires a petitioner to give the state court system one fair opportunity to rule on his claims. *Daye v. New York Attorney General*, 696 F.2d 186, 190 n. 3 (2d Cir.1982) *(en banc), cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

In the instant case, on the other hand, Booker cannot reasonably claim that he has exhausted his state remedies, since he has never presented his constitutional claims to the state courts. On the contrary, he argues that unreasonable delay by his assigned counsel has *prevented* him from presenting his claims to the Appellate Division, so that he should be excused from the exhaustion requirement under the exception for cases in which available state remedies are "ineffective." 28 U.S.C. § 2254(b). Yet Booker cannot qualify for that exception simply by demonstrating that his access to one state remedy has been obstructed; he must show that all available state procedures have been rendered ineffective, resulting in "a complete absence of effective state appellate process." *Ralls, supra*, 503 F.2d at

■ Under New York law, it appears that the proper vehicle for raising a claim of ineffective assistance of appellate counsel is an application for a common law writ of error *coram nobis*, as three judges of the New York Court of Appeals concluded in *People ex rel. Douglas v. Vincent*, 50 N.Y.2d 901, 904–06, 431 N.Y.S.2d 518, 409 N.E.2d 990 (1980) (Meyer, J., dissenting on other grounds). Since Booker seeks to question the Appellate Division's appointed counsel and their failure to adequately supervise his conduct, the application should be presumably addressed to that Court, asking that it either entertain the writ itself or grant petitioner permission to file the writ in the trial court. *Id.* *Coram nobis* is the proper remedy for a criminal defendant alleging that, "because of his attorney's failure to follow through on an appeal, he was in practical effect denied access to the appellate court." *People v. Adams*, 12 N.Y.2d 417, 419, 240 N.Y.S.2d 155, 190 N.E.2d 529 (1963); *see also, People v. Callaway*, 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969). It is well settled that one wrongfully prevented from taking or perfecting an appeal from a criminal conviction by the inaction of his assigned appellate counsel is entitled to judicial redress by way of *coram nobis* "where no other avenue of judicial relief is available." *Adams, supra*, 12 N.Y.2d at 420, 240 N.Y.S.2d 155, 190 N.E.2d 529.

If there is any merit to Booker's constitutional claim that his access to the appeals process has been effectively blocked, he obviously could not rely on his direct appeal to obtain effective redress for that claim. Since no avenue of judicial relief appears to be available to Booker other than a common law writ of error *coram nobis*, it is quite likely that the Appellate Division would be willing, on the basis of considerations of practicality and necessity, to consider such a petition on its merits despite the pendency of his appeal. Although the availability of that procedure may not be completely certain under New York law, see *Douglas, supra*, I cannot conclude that such an attempt by Booker in this case would be doomed to failure, or an exercise in futility. Until he makes such an attempt, therefore, the federal exhaustion doctrine precludes me from reaching the merits of his claims.

Booker offers no reason why he could not resort to a petition in the nature of *coram nobis* to present to the New York courts his claims of unconstitutional delay in his criminal appeal, and ineffective assistance of appellate counsel. Indeed, since the filing of his notice of appeal, petitioner has twice made motions for similar relief pursuant to New York Criminal Procedure Law § 440, seeking to vacate his conviction on other grounds. In the more recent of those two attempts, submitted by Booker *pro se* only six months ago, he moved in Monroe County Court to vacate his conviction under § 440 on the grounds of ineffective assistance of his trial counsel, and subsequently sought leave to appeal the denial of that motion to the Appellate Division, Fourth Department. (In that motion, Booker did not raise either of his present claims with respect to the delay in his appeal, even though nearly 20 months had already passed at that time since the filing of his notice of appeal.)

Accordingly, even if the circumstances of this case have rendered Booker's direct appeal "ineffective" to protect his asserted constitutional rights, I conclude that New York law does provide at least one alternative means of effective state corrective process which remains available to Booker. I therefore must conclude that the delay in his direct appeal is not the equivalent of a complete absence of effective state appellate process, and cannot excuse his conceded failure to exhaust state remedies. *Ralls, supra*, 503 F.2d at 493–94. Booker's petition for habeas corpus relief is therefore dismissed without prejudice.

493. It thus becomes entirely relevant whether there is any other corrective appellate remedy which Booker could have pursued.

■ I have considered all of Booker's remaining arguments with respect to the issue of exhaustion, including his attempts to distinguish this case from *Ralls v. Manson,* and find them unpersuasive. Yet I surely cannot dismiss them as frivolous, since they have all been excerpted virtually verbatim (as was nearly all of his 25 page Memorandum of Law) from Chief Judge Weinstein's Memorandum Opinion in *Harris v. Kuhlman,* 601 F.Supp. 987 (E.D.N.Y. 1985). In that case, Chief Judge Weinstein held that a petitioner in very similar circumstances could be said to have exhausted available state remedies, and therefore issued the requested federal writ of habeas corpus on a conditional basis. Consequently, although I remain unpersuaded that Booker may be excused from exhausting his state remedies at this time, I must concede "that the issues are debatable among jurists of reason; that a court *could* resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394–95 n. 4, 77 L.Ed.2d 1090 (1983) (citations omitted). Pursuant to 28 U.S.C. § 2253, therefore, a Certificate of Probable Cause to Appeal is hereby granted.

In light of my conclusion that Booker's constitutional arguments have not been exhausted, I take no position as to their merits. *Petrucelli v. Coombe,* 735 F.2d 684, 691 n. 4 (2d Cir.1984). In particular, I express no position on the apparently unsettled question of whether the denial of a speedy appeal may amount to a denial of constitutional rights. *See Roberson, supra,* 501 F.2d at 310–11 (Mansfield, J., concurring and dissenting). In addition, this dismissal of the petition does not afford the intervenor any opportunity to address the merits of that claim. Accordingly, there is no reason to conclude that the merits of Booker's claims are worthy of attention in the first instance from the Court of Appeals, and the Certificate of Probable Cause shall be limited only to the question of exhaustion. *See Roman v. Abrams,* 790 F.2d 244 (2d Cir.1986); *Barber v. Scully,* 731 F.2d 1073, 1075 (2d Cir. 1984).

### CONCLUSION

The motion by the Monroe County District Attorney for permission to intervene in this action is granted. William Booker's petition for habeas corpus relief is dismissed, without prejudice to his right to resubmit his claims after exhausting his available state remedies. Certificate of Probable Cause to Appeal is granted, but only as to the single issue of whether the delay surrounding his criminal appeal has rendered his available state remedies "ineffective to protect the rights of the prisoner," within the meaning of 28 U.S.C. § 2254(b). As to the merits of Booker's claims for habeas corpus relief, which I do not decide, Certificate of Probable Cause is denied.

If Booker wishes to appeal from any aspect of this decision, he must file a Notice of Appeal with this Court within thirty (30) days of the date of the judgment in this action.

ALL OF THE ABOVE IS SO ORDERED.