**Walter PIDGEON, Petitioner,**

v.

**ATTORNEY GENERAL OF the STATE OF NEW YORK, Respondent.**

**No. 87 Civ. 0844 (CLB).**

United States District Court, S.D. New York.

March 6, 1987.

Walter Pidgeon, pro se.

Atty. Gen. of the State of New York, pro se.

BRIEANT, Chief Judge.

Treating the petitioner's letter, filed February 27, 1987, as a motion for reconsidera-

tion, the motion is granted and upon reconsideration the Court adheres to its prior determination.

By Memorandum and Order dated February 18, 1987, this Court dismissed petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust state remedies under Rule 4, because petitioner had an undecided appeal pending in the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department. That appeal is still pending.

On March 25, 1982, Walter Pidgeon was convicted in the Westchester County Court, White Plains, New York, following a jury trial of robbery in the first degree, burglary in the second degree, unlawful imprisonment in the second degree, criminal mischief in the fourth degree, and criminal use of a firearm. He is presently incarcerated at the Greenhaven Correctional Facility, serving a ten to twenty year sentence.

In his pro se federal habeas corpus petition, Mr. Pidgeon does not challenge the constitutionality of his judgment of conviction, nor does he ask the Court to decide any constitutional claim that he seeks to bring before the Appellate Division on direct appeal from his conviction. Rather, he raises in the first instance the grounds of inordinate delay, charging a denial of his right to due process under the Fourteenth Amendment by the frustration of his efforts to maintain his direct appeal.

Petitioner states that he has been waiting since March 1982 for a qualified attorney to write his appellate brief to be presented to the Appellate Division of the Second Judicial Department. The court first assigned an attorney in June 1982 to represent petitioner in his direct appeal. That lawyer apparently took no action, and the court subsequently appointed Gerald Garner, Esq., an attorney in Harrison, New York. Petitioner's attempts to contact Mr. Garner were futile, and after contacting the Chairman of the Grievance Committee of the Ninth Judicial District in White Plains, he was informed that Mr. Garner had been suspended from practice. The court then substituted petitioner's current attorney of record, Patrick W. Cukierski, Esq. of Brewster, New York, to handle the direct appeal of his conviction. Petitioner complains of "the same exact problem" with Mr. Cukierski as was experienced with the attorneys previously assigned to him. Whether or not the appeal was delayed by attorney neglect or for some other reason cannot be determined with certainty upon the papers presently before the Court.

Moreover, when petitioner sought to file a pro se supplemental brief to appeal his conviction in the Appellate Division, Second Department, the application was denied on April 23, 1984 with leave to renew after the filing of a brief by the attorney appointed on his behalf. Petitioner did not appeal the denial of his application "because I was allowed to renew after my attorney completed his brief" (Petition at 4).

According to the within petition, Mr. Pidgeon has written numerous letters to these attorneys stating his frustrations in the matter of his direct appeal. He says that he has also written to Mr. Irving Selkin, Clerk of the Court, and to the Honorable Milton Mollen, Presiding Justice, of the Appellate Division, Second Department. Copies of these letters have not been presented to this Court, but inquiry into the contents thereof need not be made for the limited purpose of evaluating the propriety of relief in the nature of a writ of habeas corpus.

Five years have passed since the date of petitioner's conviction, and no appellate brief has yet been filed with the Appellate Division. However, it is not clear from the limited record before this Court exactly how long Mr. Cukierski has served as petitioner's appellate counsel.

Petitioner cites two Eastern District of New York cases, *Wheeler v. Kelly,* 639 F.Supp. 1374 (E.D.N.Y.1986) and *Harris v. Kuhlman,* 601 F.Supp. 987 (E.D.N.Y.1985), which are not binding on this Court. In *Wheeler,* the District Court noted that the habeas corpus statute provides that exhaustion is not required if it appears that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffec-

tive to protect the rights of the prisoner, and concluded that under the facts of the case "it would be meaningless to insist that petitioner exhaust his state remedies when the essence of his due process claim arises directly out of his inability to do so." 639 F.Supp. at 1377.

Section 2254(b) of the habeas corpus statute, 28 U.S.C., provides that:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or *that there is either an absence of available State corrective procedures or the existence of circumstances rendering such processes ineffective to protect the rights of the prisoner*" (emphasis added).

*See, e.g., United States ex. rel. Noia v. Fay,* 300 F.2d 345 (2d Cir.1962), *aff'd sub nom Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *United States ex rel. Lusterino v. Dros,* 260 F.Supp. 13 (S.D.N.Y.1966) (exceptional circumstances warranting federal intervention).

■ In general, federal courts may not consider a petition for habeas corpus unless petitioner has exhausted his state remedies. *Rose v. Lundy,* 455 U.S. 509, 515–19, 102 S.Ct. 1198, 1201–03, 71 L.Ed.2d 379 (1982). Petitioner concedes in his petition that he has never presented to the courts of New York State his contention that he was denied a constitutional right by the undue delay in the processing of his appeal. Clearly then, petitioner has failed to exhaust the available state remedies with respect to the only issue raised in his petition for a writ of habeas corpus.

■ The Court finds no extenuating circumstances under § 2254(b) to be present here sufficient to justify federal intervention in contravention of the exhaustion requirement. Petitioner cannot qualify for that narrow exception for cases in which available state remedies are "ineffective" simply by demonstrating that his access to one state remedy has been obstructed. As held in *Booker v. Kelly,* 636 F.Supp. 319

(W.D.N.Y.1986), a case closely analogous to the one at bar:

"[petitioner] must show that all available state procedures have been rendered ineffective, resulting in 'a complete absence of effective state appellate process.'" *Id.* at 321, n. 3.

*See also Ralls v. Manson,* 503 F.2d 491 (2d Cir.1974) (per curiam); *Lublin v. Arnold,* 442 F.Supp. 54 (E.D.N.Y.1977). The exhaustion requisite has not been met as long as the applicant "has the right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).

While it is true that petitioner has been frustrated by the (perhaps inordinate) delays experienced in maintaining the direct appeal of his conviction, this Court is not the proper avenue for redress. Petitioner may seek relief in the Appellate Division of the Supreme Court of the State of New York by filing an application for relief in the nature of error *coram nobis. See, e.g., Booker v. Kelly,* 636 F.Supp. at 322. Under New York law, a defendant who is prevented from taking or perfecting an appeal from a criminal conviction by the inaction of his assigned appellate counsel is entitled to judicial redress by way of *coram nobis* where no other avenue of judicial relief is available. *People v. Adams,* 12 N.Y.2d 417, 240 N.Y.S.2d 155, 190 N.E.2d 529 (1963). *Coram nobis* is the proper remedy for a criminal defendant alleging that, through his own ignorance or because of his attorney's failure to follow through on an appeal, he was "in practical effect denied access to the appellate court." *Adams,* 12 N.Y.2d at 419, 240 N.Y.S.2d 155, 190 N.E.2d 524; *see also People v. Callaway,* 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969). Thus, the right to pursue at least one remedial procedure remains available to petitioner under the laws of the State of New York.

In addition, petitioner is free to write once again to the Honorable Milton Mollen of the Appellate Division, Second Department, and to make such other applications for relief as can be obtained from the Ap-

pellate Division, the court at which the appeal is pending.

Petitioner has not demonstrated a "complete absence" of available state corrective procedures. Our principles of federalism and the comity upon which it is based require that this Court ensure that proper channels of state procedure are pursued to completion before petitioner may find recourse in this Court.

This Court makes no conclusions as to the merits of the claims presented herein, leaving to the state courts the determination of whether the due process rights of petitioner have been violated by the delay in the processing of the appeal, and if so, what remedy shall be provided.

Accordingly, petitioner's motion for reconsideration is granted and the petition for a writ of habeas corpus is dismissed without prejudice to the filing of a new petition once all available state remedies have been applied for and exhausted.

So Ordered.