**James TAYLOR, Petitioner,**

v.

**Charles SCULLY, et al., Respondent.**

**No. 86 Civ. 7801 (JES).**

United States District Court,
S.D. New York.

Dec. 11, 1987.

---

James Taylor, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City (Tyrone M. Powell, Asst. Atty. Gen., of counsel).

## MEMORANDUM OPINION AND OPINION

SPRIZZO, District Judge:

Petitioner was convicted of criminal sale of a controlled substance in the third degree in New York Supreme Court and is presently serving a sentence of four and one-half to nine years. In this action, petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). Petitioner does not challenge the constitutionality of his conviction in this habeas corpus petition, but contends that the nearly four-year wait before court-appointed counsel perfected his appeal has denied him the right to effective assistance of counsel, and further, that this delay has denied him the right of appeal.

This matter was referred to a Magistrate for Report and Recommendation pursuant to 28 U.S.C. § 636(b) (1982). Subsequently, respondent moved to dismiss the petition, alleging that petitioner failed to exhaust all state remedies available to him. The Magistrate agreed and recommended that the petition be dismissed. *See* Report and Recommendation ("Report") at 1–2. Petitioner has not objected to the Report. For the reasons below, the Court concludes that the petition should be dismissed.

Before a federal court may consider a petition for habeas corpus, petitioner must demonstrate that he has exhausted his state remedies. 28 U.S.C. § 2254(b), (c); *see Rose v. Lundy*, 455 U.S. 509, 515–19, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982). In New York, when a defendant claims his right to appeal has been frustrated by ineffective assistance of counsel, the "defendant's right and remedy is by a *coram nobis* petition." *People v. Adams*, 12 N.Y.2d 417, 420, 240 N.Y.S.2d 155, 157, 190 N.E.2d 529, 531 (1963). Petitioner must, therefore, pursue the state remedial procedure of *coram nobis* before this court will consider his habeas corpus petition.[1] *See Pidgeon v. Attorney General of New York*, 655 F.Supp. 333, 335 (S.D.N.Y.1987); *Booker v. Kelly*, 636 F.Supp. 319, 322 (W.D.N.Y.1986); *see also Ralls v. Manson*, 503 F.2d 491 (2d Cir.1974). *But see Harris v. Kuhlman*, 601 F.Supp. 987 (E.D.N.Y. 1985) (habeas petition based on claim of inadequate state appeal process not precluded by exhaustion requirement; no discussion of *coram nobis*).

Although petitioner has recently filed a *coram nobis* petition in state court, *see* Letter from Petitioner to the Court (June 19, 1987), there is no indication that any state court has had the opportunity to con-

---

**1.** The Second Circuit decision in *Wheeler v. Kelly*, 811 F.2d 133 (2d Cir.1987), is not to the contrary. In *Wheeler*, as here, petitioner sought a writ of habeas corpus based upon his counsel's delay in perfecting his appeal. The appeal was perfected only after the habeas petition was filed. The petitioner appealed the district court's order granting a conditional writ providing for a retrial unless the Appellate Division decided his appeal within a specified time period. Petitioner argued that the district court's failure to order an unconditional new trial constituted an abuse of discretion. The Second Circuit disagreed and affirmed the district court order. Because the respondent did not appeal or otherwise challenge the petition on the ground that state remedies had not been exhausted, however, the Second Circuit did not consider whether it was necessary for petitioner to file a *coram nobis* petition before pursuing a writ of habeas corpus.

sider the petition. Petitioner, therefore, has failed to exhaust his state remedies. *See Irving v. Reid,* 624 F.Supp. 787, 789 (S.D.N.Y.1985).

The petition for a writ of habeas corpus is dismissed without prejudice. Petitioner may file a new petition when all state remedies are exhausted.

It is SO ORDERED.