**Fernando GARCIA, Petitioner,**

v.

**John P. KEANE, Superintendent, Sing Sing Correctional Facility, Respondent.**

**No. 96 Civ. 0864 (MJL).**

United States District Court, S.D. New York.

March 7, 1997.

Robert T. Johnson, District Attorney for Bronx County by Stuart B. Levy, Assistant District Attorney, New York City, for Respondent.

Fernando Garcia, Albion, NY, pro se.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is the motion of petitioner Fernando Garcia ("Petitioner"), pursuant to 28 U.S.C. § 2254 ("Section 2254"), for a writ of habeas corpus. Petitioner also requests appointment of counsel pursuant to 18 U.S.C. § 3006(a)(2)(B). For the reasons stated below, Petitioner's request for appointment of counsel and his petition for a writ of habeas corpus are denied.

## BACKGROUND

On October 24, 1985, after a three-day jury trial in the Supreme Court of New York, Bronx County, Petitioner was convicted of manslaughter in the first degree. On No-

vember 14, 1985, Petitioner was sentenced to a minimum of ten years imprisonment and a maximum of twenty years imprisonment. On direct appeal to the Appellate Division of the Supreme Court of New York, First Department, Petitioner argued that: (1) the trial court violated Petitioner's due process rights by holding an *ex parte* proceeding with a trial witness without notice to defense counsel and outside the presence of Petitioner ("Due Process Claim"), and (2) the trial court violated Petitioner's due process rights by refusing to charge second-degree manslaughter as a lesser included offense of second-degree murder ("Jury Charge Claim"). On September 23, 1986, the Appellate Division affirmed the conviction without opinion. *People v. Garcia,* 123 A.D.2d 527, 506 N.Y.S.2d 501 (1st Dep't 1986).

On October 30, 1986, Petitioner, through counsel Linda Stagno, sought leave to appeal to the New York State Court of Appeals. Petitioner's application for leave to appeal only raised the Jury Charge Claim. On December 18, 1986, the New York State Court of Appeals denied Petitioner's request for leave to appeal. *People v. Garcia,* 69 N.Y.2d 711, 512 N.Y.S.2d 1037, 504 N.E.2d 405 (1986).

On April 3, 1987, Petitioner filed a petition, pursuant to Section 2254, for a federal writ of habeas corpus, presenting the Due Process Claim and the Jury Charge Claim. Petitioner's first habeas petition also alleged that the New York State Appellate Courts violated Petitioner's right to appeal by confirming his conviction without an evidentiary hearing. On February 23, 1988, Magistrate Judge Kathleen Roberts issued a Report and Recommendation, finding that Petitioner had not exhausted his first and third claims in state court, but that Petitioner had properly exhausted the Jury Charge Claim. *See* Report and Recommendation dated February 23, 1988, at 6. Because the petition raised both exhausted and unexhausted claims, the Magistrate Judge recommended dismissal of the petition without prejudice. *See id.* Respondent objected to the Magistrate Judge's finding that Petitioner exhausted the Jury Charge Claim in state court in terms of a federal constitutional issue. On October 28,

1988, the Court affirmed the Magistrate Judge's findings and dismissed the petition "without prejudice to the filing of a new petition once all available state remedies have been exhausted." Op. and Order dated October 28, 1988 at 5.

On July 4, 1994, Petitioner applied to the Appellate Division of New York, First Department, for a writ of error *coram nobis.* Petitioner claimed ineffective assistance of appellate counsel for failure to raise the Due Process Claim in Petitioner's application for leave to appeal to the New York State Court of Appeals. On March 21, 1995, the Appellate Division, First Department denied Petitioner's application.

On August 11, 1995, Petitioner filed the instant petition, *pro se,* for a writ of habeas corpus on the grounds that: (1) the trial court had erroneously refused to charge second-degree manslaughter, and (2) appellate counsel's failure to raise the Due Process Claim before the Court of Appeals amounted to ineffective assistance of appellate counsel. In lieu of submitting reply papers, Petitioner requested, by letter dated January 13, 1997, that the Court appoint counsel to assist him with the instant petition. *See* Letter from Garcia to Court, dated January 13, 1997, at 1.

## DISCUSSION

### I. *Appointment of Counsel*

In determining whether to appoint counsel to an indigent litigant, a court should consider the following factors: (1) the merits of the indigent litigant's claims, (2) the litigant's ability to pay for private counsel, (3) the litigant's efforts to obtain counsel, (4) the availability of counsel, (5) the litigant's ability to gather facts without the assistance of counsel, (6) the complexity of the legal issues, and (7) the need for expertly conducted cross-examination. *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir.1989); *see also Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir.1986). The court, however, "should first determine whether the indigent's position was likely to be of substance." *Hodge,* 802 F.2d at 60. If the litigant's claims do not meet this threshold requirement, the court need not consider the other criteria. *Id.;*

*Cooper,* 877 F.2d at 172. As the Court will illustrate below, Petitioner's claims do not satisfy the threshold merit requirement and thus the Court need not address the additional factors for appointment of counsel. Accordingly, the Court denies Petitioner's request for appointment of counsel.

## II. Habeas Corpus Petition

### A. Applicability of the Antiterrorism Act

■ Respondent argues that the petition should be dismissed under several provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act") which was signed into law on April 24, 1996. *See* Resp't.'s Mem. at 4 (discussing Public L. No. 104–132, 110 Stat. 1214 (1996)). Specifically, Respondent contends that: (1) the petition is time-barred under Section 101 of the Act, which requires petitions to be filed within one year after the judgment becomes final,[1] and (2) the petition is barred by Section 106 of the Act, which imposes restrictions on claims presented in successive petitions. *See* Resp't.'s Mem. at 4–7. Petitioner, however, filed this petition in August 1995, prior to the signing of the Act. The Second Circuit has held that provisions of the Act which do not specifically permit retroactive application should not apply to cases pending before the effective date of the Act. *See Boria v. Keane,* 90 F.3d 36, 38 (2d Cir.1996) (holding that Section 104 of the Act does not apply to a petition filed prior to the Act's enactment); *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir. 1996) (holding that one-year time limit of Section 101 of the Act does not apply to petition filed prior to effective date of the Act); *see also Grady v. Artuz,* 931 F.Supp. 1048, 1054 n. 1 (S.D.N.Y.1996) (finding that the Act "is not retroactive apart from certain provisions involving capital cases where retroactivity is explicitly provided."); *Trammell v. Coombe,* No. 95 Civ. 9975(DLC), 1996 WL 719384, at *1–2 (S.D.N.Y. Dec.13, 1996) (holding that one-year time limitation provi-

sion of the Act does not bar petition filed before effective date of the Act); *Delarosa v. Portuondo,* No. 96 Civ. 1065(JFK), 1996 WL 363106, at *1 (S.D.N.Y. July 1, 1996) (finding Section 106 of the Act inapplicable to petition filed before the Act was signed into law); *Amaker v. Lacy,* 941 F.Supp. 1340, 1343 n. 2 (E.D.N.Y.1996) (holding that the Act does not apply retroactively to a petition filed more than one year after denial of leave to appeal to the Court of Appeals but prior to effective date of the Act). Therefore, the Court finds that the requirements of Sections 101 and 104 of the Act have no application to Petitioner's claims.

### B. Jury Charge Claim

Petitioner maintains that the trial court's failure to charge second-degree manslaughter as a lesser included offense of second-degree murder violated his due process rights. *See* Pet. at 5. In response, Respondent contends that this claim must be dismissed because: (1) Petitioner states neither a federal claim nor a perceived error of state law amounting to denial of due process and thus the claim is not subject to federal habeas review, and (2) the claim is meritless.[2] *See* Resp't.'s Mem. at 26–27.

#### 1. Applicability of Habeas Review

The Supreme Court has held that trial judges must charge the jury in capital cases on lesser included non-capital offenses where the evidence warrants such a charge. *See Beck v. Alabama,* 447 U.S. 625, 627, 100 S.Ct. 2382, 2384, 65 L.Ed.2d 392 (1980). However, neither the Supreme Court nor the Second Circuit has determined whether due process requires such a charge in non-capital cases. *See Beck,* 447 U.S. at 638 n. 14, 100 S.Ct. at 2390 n. 14; *Jones v. Hoffman,* 86 F.3d 46, 48 (2d Cir.1996); *Knapp v. Leonardo,* 46 F.3d 170, 179 (2d Cir.), *cert. denied,* 515 U.S. 1136, 115 S.Ct. 2566, 132 L.Ed.2d 818 (1995); *Campaneria v. Reid,* 891 F.2d 1014, 1022 (2d

---

1. Section 101 of the Act contains exceptions to the one-year time limit which are not applicable to this case. *See* Public L. No. 104–132, 110 Stat. 1214, § 101.

2. Respondent also argues that Petitioner did not exhaust this claim in state court. *See* Resp't.'s

Mem. at 25. Respondent raised the same argument in opposition to Petitioner's first habeas petition. The Court previously found that Petitioner had properly exhausted the claim in state court. Accordingly, the Court will not readdress Respondent's meritless argument.

Cir.1989); *Rice v. Hoke,* 846 F.2d 160, 164 (2d Cir.1988). The Court need not resolve this question in this case, as the Court finds that the evidence at trial did not warrant a charge of second-degree manslaughter.

### 2. *Evidence Did Not Warrant Lesser Charge*

■ A trial judge must charge a lesser included offense when "(1) it is theoretically impossible to commit the greater crime without committing the lesser and (2) a reasonable view of the evidence would permit the jury to find that the defendant had committed the lesser, but not the greater, offense." *Rice,* 846 F.2d at 165 (citing *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995–96, 36 L.Ed.2d 844 (1973); *People v. Glover,* 57 N.Y.2d 61, 63, 453 N.Y.S.2d 660, 439 N.E.2d 376 (1982) (per curiam); *People v. Green,* 56 N.Y.2d 427, 430, 452 N.Y.S.2d 389, 437 N.E.2d 1146 (1982); N.Y.Crim. Proc. Law § 300.50(1) (McKinney 1982)). Since it is not disputed that second-degree manslaughter satisfies the first part of the test, courts turn to the second part of the test in cases such as this. *See Campaneria,* 891 F.2d at 1022; *Rice,* 846 F.2d at 165; *People v. Sullivan,* 68 N.Y.2d 495, 501–02, 510 N.Y.S.2d 518, 503 N.E.2d 74 (1986); *People v. Ford,* 66 N.Y.2d 428, 439, 497 N.Y.S.2d 637, 488 N.E.2d 458 (1985).

The trial judge charged the jury with (1) second-degree murder, which requires that a person cause the death of another with the intent to cause death,[3] and (2) first-degree manslaughter, which requires that a person cause the death of another with the intent to cause serious bodily injury.[4] Defense counsel requested that the trial judge also charge the jury with second-degree manslaughter, which requires that a person "recklessly"

cause the death of another person.[5] *See* October 24, 1985 Tr. at 120. The trial judge refused to charge the jury with the requested lesser charge.

■ A trial court's determination of whether the evidence warrants a lesser charge is entitled to a presumption of correctness upon federal review. *Caban v. Mitchell,* 897 F.Supp. 759, 763 (S.D.N.Y. 1995). A trial judge should not charge the jury with a lesser included offense if the jury, reasonably viewing the evidence, could not have found that the defendant committed that offense. *See Campaneria,* 891 F.2d at 1022–23 (finding that evidence of intentional shooting did not warrant charge of second-degree manslaughter); *Rice,* 846 F.2d at 166 (finding evidence did not warrant charge of second-degree manslaughter because it was "impossible to construe [the] events as involving reckless acts."); *Pawlowski v. Kelly,* 932 F.Supp. 475, 484 (W.D.N.Y.1995) (finding no due process violation for failure to charge second-degree manslaughter as lesser included offense of second-degree murder).

■ Here, there was no question that the shooting was a deliberate act. An eye-witness familiar with Petitioner testified that the shooter (Petitioner) approached the victim asking for money, and, when he received nothing, shot the victim in the chest from only a few feet away. The victim died from a bullet wound to the chest. The only factual question raised at trial was the identification of the shooter. The trial judge correctly concluded that "the evidence in this case indicates either intentional killing or an intent to inflict serious physical injury or not guilty of anything." October 24, 1985 Tr. at 121. Because the evidence did not warrant a charge of the lesser included offense of sec-

---

**3.** New York Penal Law § 125.25 provides, in pertinent part:

> A person is guilty of murder in the second degree when:
> 1. With intent to cause the death of another person, he causes the death of such person or of a third person.

N.Y. Penal Law § 125.25(1) (McKinney).

**4.** New York Penal Law § 125.20 provides, in pertinent part:

> A person is guilty of manslaughter in the first degree when:

> 1. With intent to cause serious physical injury to another person, he causes the death of such person or of a third person.

N.Y. Penal Law § 125.20(1) (McKinney 1987).

**5.** New York Penal Law § 125.15 provides, in pertinent part:

> A person is guilty of manslaughter in the second degree when:
> 1. He recklessly causes the death of another person.

N.Y. Penal Law § 125.15(1) (McKinney 1987).

ond-degree manslaughter, the Court dismisses Petitioner's claim on this ground.

### C. *Ineffective Assistance of Appellate Counsel*

Petitioner argues that appellate counsel's failure to raise the Due Process Claim in the application for leave to appeal to the New York State Court of Appeals constitutes ineffective assistance of appellate counsel. *See* Pet. at 5. In response, Respondent contends that this claim must be dismissed because: (1) Petitioner has abused the writ by raising a claim not presented in his first habeas petition, (2) Petitioner has procedurally forfeited the claim, and (3) Petitioner's claim lacks merit.

#### 1. *Abuse of Writ*

Petitioner's first habeas petition failed to raise the ineffective assistance of appellate counsel claim. The Court dismissed that petition without prejudice because it contained exhausted and unexhausted claims. Respondent contends that Petitioner has abused the writ by asserting a claim in his second petition which was not raised in his first petition. *See* Resp't.'s Mem. at 15.

■ Under Rule 9(b) of the Rules Governing Section 2254 Cases,

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Rules Governing § 2254 Proc. U.S. Dist. Cts. 9(b). Courts in this Circuit, however, have held that the abuse of the writ doctrine applies only to petitions asserting grounds not asserted in a prior petition which was decided on the merits. *See, e.g., Grady v. Artuz,* 931 F.Supp. 1048, 1055 (S.D.N.Y.1996) (rejecting argument that second petition asserting new grounds abused writ where first petition dismissed for failure to exhaust claims in state court); *Bacchus v. New York,* Nos. 93 Civ. 1247(DGT), CV-94-3073(DGT), 1995 WL 62599, at *8 n. 7 (E.D.N.Y. Feb.8,

1995) (holding that "third petition is not truly 'successive', and the abuse of writ doctrine is not applicable" where petitioner withdrew first petition without prejudice and court dismissed second petition for failure to exhaust state law remedies); *Abdul–Matiyn v. Mitchell,* No. 92 Civ. 6654(PKL), 1993 WL 307806, at *1 (S.D.N.Y. Aug.10, 1993) (holding abuse of writ inapplicable to third petition where prior petitions both dismissed for containing unexhausted claims); *Spruill v. Scully,* No. 90 Civ. 5342(RJW), 1993 WL 307778, at *8 (S.D.N.Y. Aug.9, 1993) (holding abuse of writ doctrine under Rule 9(b) inapplicable where prior petition dismissed for failure to exhaust claims rather than on merits). Because Petitioner's first habeas petition was dismissed without prejudice for failure to exhaust all claims in state court, the abuse of the writ doctrine is inapplicable to the instant petition.

#### 2. *Exhaustion of Claim in State Court*

Respondent contends that Petitioner did not properly exhaust his ineffective assistance of appellate counsel claim, that Petitioner no longer has recourse to do so in state court, and thus, the Court should deem the claim exhausted but forfeited. *See* Resp't.'s Mem. at 22–24. The Court disagrees.

■ Before seeking federal habeas review, state court defendants must present federal constitutional claims to the state's highest court. *See Grey v. Hoke,* 933 F.2d 117, 119 (2d Cir.1991); 28 U.S.C. § 2254(b). Under New York law, the remedy for claims of ineffective assistance of appellate counsel is a petition for writ of error *coram nobis. Taylor v. Scully,* 674 F.Supp. 462, 463 (S.D.N.Y. 1987); *People v. Vincent,* 50 N.Y.2d 901, 904–05, 431 N.Y.S.2d 518, 409 N.E.2d 990 (1980); *People v. Callaway,* 24 N.Y.2d 127, 128–29, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969). Orders of the Appellate Division denying a writ of error *coram nobis* are not appealable to the Court of Appeals. *See Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 124 (2d Cir.1995); *People v. Marsicoveteri,* 79 N.Y.2d 913, 581 N.Y.S.2d 664, 590 N.E.2d 249 (1992); N.Y.Crim. Proc. Law § 450.90 (McKinney 1993). Thus, claims for

ineffective assistance of appellate counsel are considered exhausted upon the filing and consideration of a petition for writ of error *coram nobis. See Meatley v. Artuz*, 886 F.Supp. 1009, 1013 (E.D.N.Y.1995); *Holmes v. Bartlett*, 810 F.Supp. 550, 554; *Snype v. Hoke*, 728 F.Supp. 207, 210 (S.D.N.Y.1990); *Taylor*, 674 F.Supp. at 463–64.

Petitioner moved in the New York State Appellate Division, First Department, for a writ of error *coram nobis*, claiming ineffective assistance of appellant counsel for failure to raise certain issues in his application for leave to appeal to the Court of Appeals. The Appellate Division denied the application. Respondent maintains that the Appellate Division was not the appropriate forum for Petitioner's application. Respondent, citing *People v. Bachert*, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987), and *People v. De La Hoz*, 131 A.D.2d 154, 520 N.Y.S.2d 386 (1st Dep't 1987), argues that such claims "are to be brought in the appellate tribunal where the allegedly deficient representation occurred." Resp't.'s Mem. at 23. As a result, Respondent contends that Petitioner should have moved the Court of Appeals for a writ of *error coram nobis*, since the alleged ineffective assistance occurred in that tribunal. *See id.* at 23–24.

In *Bachert*, the Court of Appeals addressed whether a claim for ineffective assistance of *appellate* counsel could be brought under New York Criminal Procedure Law § 440.10 ("Article 440") at the trial court level. Article 440 enumerates the circumstances under which a court which has entered a judgment may vacate such judgment upon motion of the defendant. *See* N.Y.Crim. Proc. Law § 440.10. Specifically, the statute permits collateral attack of a judgment obtained in violation of a defendant's constitutional rights. *See* N.Y.Crim. Proc. Law § 440.10(1)(h). The *Bachert* court held that since appellate courts do not render judgments of conviction, claims of ineffective assistance of appellate counsel do not fall under the well-defined statutory requirements of Article 440. *Bachert*, 69 N.Y.2d at 597, 516 N.Y.S.2d 623, 509 N.E.2d 318.

The *Bachert* court also noted that New York statutory law failed to provide a procedure or forum to address claims of ineffective assistance of appellate counsel. *Id.* at 594, 516 N.Y.S.2d 623, 509 N.E.2d 318. The court then concluded that "the natural forum for coram nobis review of ineffective assistance of appellate counsel claims is in the appellate tribunal where the allegedly deficient representation occurred." *Id.* at 599, 516 N.Y.S.2d 623, 509 N.E.2d 318.

■ Although the Court recognizes that the allegedly deficient representation here arose in the Court of Appeals, the Court finds that Petitioner properly moved the Appellate Division for the writ. The Court of Appeals in *Bachert* did not address whether claims of ineffective assistance of counsel relating to an application for leave to appeal to the Court of Appeals should be made directly to the Court of Appeals. In a subsequent decision, however, the Court of Appeals explicitly held that "[t]here is no authority for initiating a writ of error coram nobis in the Court of Appeals." *People v. Claudio*, 77 N.Y.2d 988, 571 N.Y.S.2d 899, 575 N.E.2d 385 (1991).[6]

The procedural posture of this case further demonstrates that Petitioner applied for the writ in the appropriate forum. In denying Petitioner's application in its entirety, the Appellate Division cited *De La Hoz*, a case relied upon by Respondent. *See People v. Garcia*, No. 101/85, at 1 (1st Dep't March 23, 1995). The Appellate Division, however, cites to a portion of *De La Hoz* which discusses the burden that Petitioner must overcome in order to rebut the presumption that counsel has been effective. The Appellate Division did not cite *De La Hoz* for the proposition that Petitioner applied to the wrong court for the writ. Nor does the decision suggest that the appropriate forum

---

6. Respondent, citing *Claudio*, claims that "it is unclear whether there is any authority for initiating a writ of error coram nobis in the New York State Court of Appeals" and suggests that Petitioner should have presented his claim to that court. Resp't's Mem. at 24. The Court fails to find *any* confusion in the Court of Appeals' eminently clear two-sentence opinion in *Claudio* denying a writ of error *coram nobis* for lack of authority to initiate such a writ at the Court of Appeals level.

for such an application would be the Court of Appeals. The Court concludes that the Appellate Division denied Petitioner's application on its merits and not on the procedural grounds Respondent urges this Court to adopt.

The procedural history of this case parallels that in *Stewart v. Hanslmaier*, No. 95 Civ. 0790(CPS), 1996 WL 449285 (E.D.N.Y. July 29, 1996). In *Stewart*, the petitioner appealed his conviction on several grounds. The Appellate Division affirmed the conviction, and petitioner sought leave to appeal to the Court of Appeals. *Id.* at *2. In seeking leave to appeal, however, petitioner's counsel chose not to pursue each issue raised before the Appellate Division. *Id.* The petitioner applied to the Appellate Division for a writ of error *coram nobis* claiming ineffective assistance of appellate counsel. *Id.* at *3. The Appellate Division denied the application for failure to establish ineffective assistance. *People v. Stewart*, 210 A.D.2d 514, 620 N.Y.S.2d 991 (2d Dep't 1994). As in Petitioner's case, the Appellate Division denied the application on the merits rather than concluding that such an application must be made to the Court of Appeals. The federal district court considered the claim properly exhausted. *Stewart*, 1996 WL 449285 at *3.[7] Accordingly, the Court finds that Petitioner applied for a writ of error *coram nobis* in the appropriate forum and properly exhausted his claim in state court.

### 3. *Merits of Ineffective Assistance Claim*

Petitioner asserts a claim for ineffective assistance of appellate counsel. On direct appeal, Petitioner raised two claims, the Due Process Claim and the Jury Charge Claim. In seeking leave to appeal to the Court of Appeals, however, Petitioner's counsel failed to raise the Due Process Claim. Petitioner argues that this failure precluded him from obtaining review from New York's highest court. As noted above, Petitioner exhausted

the ineffective assistance claim by seeking a writ of error *coram nobis* in state court.

New York criminal procedure law provides for an appeal of right to the highest court, the New York State Court of Appeals, only in death penalty cases. *See* N.Y. Const. art. VI, § 3(b); N.Y.Crim. Proc. Law §§ 450.90, 460.20. In all other criminal matters, the Court of Appeals retains discretionary authority to grant leave to appeal. *Id.* The Supreme Court has held that there is no constitutional right to counsel to pursue discretionary appeals. *Ross v. Moffitt*, 417 U.S. 600, 619, 94 S.Ct. 2437, 2448, 41 L.Ed.2d 341 (1974). Consequently, a defendant cannot receive ineffective assistance of appellate counsel where no constitutional right to such counsel exists. *See Wainwright v. Torna*, 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301–02, 71 L.Ed.2d 475 (1982). The failure of counsel to file an application for leave for discretionary appeal or to include every permissible claim in such an application does not give rise to an ineffective assistance claim. *See id.* (holding that failure to timely file for writ of certiorari to Florida's highest court does not amount to ineffective assistance of appellate counsel); *Stewart v. Hanslmaier*, No. 95 Civ. 0790(CPS), 1996 WL 449285, at *3 (E.D.N.Y. July 29, 1996) (denying ineffective assistance claim where appellate counsel chose not to advance each claim raised on direct appeal in seeking leave before the New York Court of Appeals); *Motti v. Coombe*, No. 84 Civ. 3580(MJL), 1986 WL 3791, at *2 (S.D.N.Y. March 27, 1986) (holding that failure to apply for leave to New York Court of Appeals does not constitute ineffective assistance of appellate counsel); *Bullock v. Warden, Auburn Correctional Facility*, 575 F.Supp. 681, 684 (S.D.N.Y. 1983) (same). Petitioner had no constitutional right to counsel to seek leave for discretionary appeal to the Court of Appeals. Accordingly, Petitioner's claim for ineffective assistance of appellate counsel fails on the

---

7. The Court has found one case, *People v. Miles*, 527 N.Y.S.2d 988 (3d Dep't 1988), in which the application for writ of error *coram nobis* was denied because "the only ground raised by defendant in support of the instant application concerns the allegedly deficient representation provided by appellate counsel in the Court of Appeals, [and] the application should be made in that court." (citations omitted). In light of the Court of Appeals' subsequent decision in *Claudio*, the Court does not follow the ruling in *Miles*.

merits.[8]

## CONCLUSION

For the foregoing reasons, the Court hereby denies Petitioner's request for appointment of counsel and petition for writ of habeas corpus.

It is So Ordered.

---

8. In light of the Court's findings, the Court does not address Respondent's argument that Petitioner's ineffective assistance claim does not meet the standards enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).