**Paul A. KNAPP, a/k/a Rainbow Hawk, Petitioner,**

v.

**Walter KELLY, Superintendent of the Attica Correctional Facility, Attica, New York, Respondent.**

No. 86 CV 4175.

United States District Court, E.D. New York.

June 3, 1987.

Paul A. Knapp, petitioner pro se.

Patrick Henry, Dist. Atty., Suffolk County, Riverhead, N.Y. by John J. Ribeiro, Asst. Dist. Atty., for respondent.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner has filed an application for a writ of habeas corpus claiming, *inter alia,* denial of due process based on undue delay in perfecting his appeal. For the reasons set forth below, the application is dismissed without prejudice.

On January 6, 1984, petitioner was sentenced to concurrent indeterminate terms of eight and one-third years to life, for the sale and possession of a controlled substance (*i.e.,* LSD). After sentencing, petitioner filed a timely notice of appeal *pro se* and the Appellate Division, Second Department, appointed counsel for him. One defense copy of the trial transcript was given to petitioner and his co-defendants to share among them, in preparing their appeals.

In October of 1984, the first appointed appellate counsel was relieved at petitioner's request and a second attorney was assigned to the case. For reasons which

are unclear on this record, the second appointed attorney was relieved in March of 1985. Shortly thereafter, the Appellate Division assigned petitioner his third and present counsel. Petitioner's counsel never received the defense copy of the transcript, which is still in co-defendants' possession. As a result, petitioner's appeal was not perfected.

In February of 1987, petitioner filed the present application. In response, the State provided his attorney with a copy of the transcript and moved for an expedited appeal in the Appellate Division, Second Department. The appeal is scheduled for this month.

Petitioner argues before this Court that the delay in the State appeal was unjustified and violated his right to due process. Respondent moves to dismiss the petition for failure to exhaust State remedies.

■ Federal courts may not consider the merits of a habeas corpus petition unless petitioner has exhausted his State remedies. *Rose v. Lundy*, 455 U.S. 509, 515–19, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982). A federal court may, however, waive the exhaustion requirement if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

A habeas corpus petition stating a claim of undue delay on appeal presents peculiar problems because the delay itself forms the basis for the procedural issue of exhaustion and the substantive issue of due process. The analysis of the delay differs depending on the issue being addressed.

■ This Court must first address the procedural issue of exhaustion. The State may not complain about a petitioner's failure to exhaust when the State is responsible for such a failure. *See Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir.1978). Therefore, an unjustified and protracted delay in perfecting an appeal, if attributable to the State, may provide a basis for waiving the exhaustion requirement.

■ In this Circuit,[1] to determine whether the delay is unjustified and warrants waiving the exhaustion requirement, courts look to the totality of the circumstances. *Ralls v. Manson*, 503 F.2d 491, 493 (2d Cir.1974). Factors that have been considered include whether appellate counsel was appointed by the court or selected by the petitioner, whether petitioner attempted to perfect his appeal, whether the petition raised all the State appealable issues or only the undue delay claim and whether the State provided a procedure for relief.[2] *Harris v. Kuhlman*, 601 F.Supp. 987, 991 (E.D.N.Y.1985).

In this case, the delay was caused by the petitioner and by the State. The District Attorney contributed to the delay by not filing a motion to dismiss the appeal for want of prosecution. *See Wheeler v. Kelly*, 639 F.Supp. 1374, 1380 (E.D.N.Y.1986), *aff'd* 811 F.2d 133 (2d Cir.1987). Had such a motion been filed, the Appellate Division would have discovered the pendency of the appeal and could have remedied the problem. The State may also be responsible for the delay caused by the withdrawal of petitioner's second appointed counsel. *See Harris v. Kuhlman*, 601 F.Supp. at 992. On the other hand, petitioner contributed to the delay by firing his first appointed counsel and by not attempting to perfect his appeal. Finally, co-defendants aggravated the problem by not providing present counsel with a copy of the transcripts. Although it would be difficult to quantify, with any degree of precision, the delay attributable to the State, counsel for

---

1. The Tenth Circuit applies the same analysis in determining whether an unjustified delay warrants waiving exhaustion or violates due process and warrants granting the writ. *Doescher v. Estelle*, 454 F.Supp. 943, 945 (N.D.Tex.1978) (in analyzing the delay the Court considered (1) the length of the delay, (2) the reason for the delay, (3) petitioner's attempt to perfect the appeal, (4) the prejudice to petitioner and (5) Federal-State comity).

2. In *Booker v. Kelly*, the Court held that the exhaustion requirement could be waived only in the complete absence of State appellate process. 636 F.Supp. 319, 322 (W.D.N.Y.1986) (citing *Ralls*, 503 F.2d 491 (2d Cir.1974)).

the codefendants or the petitioner, we believe that both parties herein (as well as counsel for the co-defendants) are equally responsible. In our opinion the delay attributable to the State is not unreasonable or unjustifiable and does not warrant waiving the exhaustion requirement.

Accordingly, in light of the imminent appeal [3] and the not unreasonable or unjustifiable delay, and in the interest of comity, petitioner's application is dismissed without prejudice for failure to exhaust State remedies.

SO ORDERED.

---

**3.** We assume that the Appellate Division will dispose of the case as soon as possible and in any event no later than one hundred and twenty (120) days from the date hereof.