**Edwin GIMENEZ, Petitioner,**

v.

**Mr. LEONARDO, Superintendent, et al., Respondents.**

**No. CV 88–1868.**

United States District Court, E.D. New York.

Dec. 15, 1988.

---

Edwin Gimenez, Comstock, N.Y., pro se.

Patrick Henry, Suffolk County Dist. Atty. by Glenn Green, Riverhead, N.Y., for respondents.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Edwin Gimenez ("Petitioner" or "Gimenez") seeks a writ of habeas corpus releasing him from state custody. Although the *pro se* petition and memorandum of law cite various constitutional provisions, a fair reading of the papers reveals that Petitioner's claim is that the state court's delay in handling Petitioner's appeal has resulted in a denial of Petitioner's constitutional right to due process. The petition is opposed by respondent on the grounds that Petitioner has failed to exhaust available state remedies and on the merits. After outlining the procedural history of the case the Court will turn to address each defense.

### I.

Gimenez was indicted by a Suffolk County Grand Jury in 1984 and charged with the crimes of sexual abuse in the first degree and sodomy in the first degree. Counsel from the Legal Aid Society was appointed to represent Gimenez and between July 1984 and February 1985, several pretrial hearings were held.

On February 5, 1985, the date upon which trial was to begin, Gimenez pled guilty to each count in the indictment. When entering his plea Gimenez indicated that he was satisfied with the representation provided and that he was aware of all of the rights that he was waiving. When questioned by the Suffolk County District Attorney, Gimenez stated, under oath, that he committed each act set forth in the indictment. Although the District Attorney's office did not recommend any particular term of incarceration, the sentencing Judge indicated that the receipt of a favorable probation report would result in the imposition of a maximum sentence of nine years of incarceration and a miminum sentence of three years of incarceration.

Prior to the date scheduled for sentencing, Gimenez moved to have his Legal Aid atttorney dismissed and to have his plea withdrawn. On March 20, 1985, after reviewing the papers and affording Gimenez the opportunity to be heard, the sentencing Judge denied Petitioner's application and sentenced him to a term of incarceration for a maximum of nine years and a minimum of three years. Gimenez was notified of his right to appeal and he indicated his intention to do so. The Legal Aid attorney told Gimenez that he would file a notice of appeal on his behalf and the record indicates that on March 31, 1985 the notice of appeal was filed.

After the filing of the notice of appeal, no further action was taken to perfect Petitioner's appeal for a period of over two years. On October 28, 1987 the Suffolk County District Attorney (the "District Attorney") moved, pursuant to Section 470.60 of New York's Criminal Procedure Law, to dismiss the Petitioner's appeal for lack of prosecution and on November 27, 1987 the motion was granted.

On January 12, 1988 Petitioner moved to have his appeal reinstated. The papers submitted in support of Petitioner's application indicate that Petitioner was under the mistaken impression that he had made a "motion for appeal" and was waiting for that "motion" to be decided. Although the District Attorney opposed the reinstatement of Petitioner's appeal, the appeal was reinstated on February 25, 1988 and the Legal Aid Society was appointed to aid Gimenez in the prosecution of his appeal.

After reviewing the file in Petitioner's case, the Legal Aid Society noted that since Petitioner was challenging the quality of representation provided him at trial, a conflict existed precluding the Legal Aid Society from handling Petitioner's appeal. In a letter dated March 22, 1988 Petitioner was notified of the conflict and informed of the Legal Aid Society's intention to be relieved of its duties and to obtain substitute counsel for Gimenez. In an order dated April 21, 1988 the Appellate Division relieved the Legal Aid Society of its duties as Petitioner's appellate counsel and appointed new counsel to represent Gimenez.

In June of 1988 this Court issued an order directing the Suffolk County District Attorney's office to show cause why the present petition should not be granted. In addition to responding to this Court's order the District Attorney sought to have Petitioner's state court appeal handled on an expedited basis. Although Petitioner's newly appointed counsel opposed the District Attorney's attempts to expedite Petitioner's appeal, the appellate brief was filed on October 3, 1988 and Petitioner's appeal is presently *sub judice*.

## II.

As noted above, Petitioner's claim before this Court is that the state court's delay in deciding his appeal has deprived him of his constitutional right to due process of law. Respondent opposes the granting of the petition on the merits and on the ground that Petitioner has failed to exhaust available state remedies.

### A. *Exhaustion*

■ Respondent points out correctly that a federal habeas corpus petitioner must exhaust all available state court remedies before commencing a proceeding in Federal Court. Where, as here, however, the habeas claim is based upon an allegedly unconstitutional delay in the state appellate process, the Court of Appeals for the Second Circuit has held that the State provides no effective remedy and, therefore, exhaustion is not required. *Mathis v. Hood*, 851 F.2d 612, 615 (2d Cir.1988). Accordingly, this Court holds that Petitioner's failure to exhaust state remedies does not bar this Court from considering the present petition.

### B. *The Merits*

■ To determine whether a delay in a state's appellate procedure has denied a defendant his constitutional right to due process of law, a federal court must consider several factors. *Knapp v. Kelly*, 661 F.Supp. 541, 542 (E.D.N.Y.1987). Specifically, the Court considers the time period

of delay, the reasons for the delay, the petitioner's attempts to perfect his appeal and whether petitioner has been prejudiced by the delay. *Wheeler v. Kelly*, 639 F.Supp. 1374, 1378–81 (E.D.N.Y.), *aff'd.*, 811 F.2d 133 (2d Cir.1987); *Knapp*, 661 F.Supp. at 542; *Harris v. Kuhlman*, 601 F.Supp. 987, 991 (E.D.N.Y.1985). No single factor is ordinarily determinative and the Court must consider the totality of the circumstances. *See Knapp*, 661 F.Supp. at 542; *Wheeler*, 639 F.Supp. at 1378.

As this Court has noted "[t]here is no formula for determining whether a delay is excessive." *Wheeler*, 639 F.Supp. at 1378. Instead, the Court must consider the "complexity of the litigation, the advocacy of the parties and the institutional vigilance of the Court." *Id.* Here, approximately three and one half years have passed from the date of Petitioner's conviction to the date upon which Petitioner's appeal was perfected. Since Petitioner's claim appears to be no more complex than most criminal appeals the delay appears to be excessive.

Consideration of the advocacy of the parties and institutional vigilance of the Court, however, do not weigh in favor of a finding of excessive delay. While it is true that Petitioner's trial counsel did not perfect the appeal, there is nothing in the record indicating that trial counsel agreed to do anything other than file the notice of appeal. If Petitioner was under the mistaken belief that trial counsel was to perfect the appeal, he could have written to the attorney to confirm that belief. Instead, no action was taken and the appeal was not perfected.

The Suffolk County District Attorney's Office, on the other hand, took the appropriate action in moving to have the appeal dismissed for lack of prosecution. The motion brought the delay to the attention of the State appellate court and after the appeal was dismissed and later reinstated, the appeal was moved along. Although the motion might have been made earlier, *see Wheeler*, 639 F.Supp. at 1382 (suggesting that District Attorney's Offices be required to move to dismiss any appeal that has been inactive for a year), this Court cannot fault the District Attorney's Office for taking the only action that has had the effect of moving the appeal along the state appellate process.

Although the backlog of criminal appeals to the Second Department of the Appellate Division is well-documented, *see Wheeler*, 639 F.Supp. at 1381–82; *Harris*, 601 F.Supp. at 989, federal cases have also documented that Court's attempts to deal with the backlog. *See Wheeler*, 639 F.Supp. at 1382; *Harris*, 601 F.Supp. at 988–89. Respondent's use of the dismissal calendar is at least some indication that the system is beginning to work.

In light of the foregoing, the Court holds that the delay in deciding Petitioner's case is not so excessive as to trigger a violation of Petitioner's due process rights. Although the Court is aware that Petitioner has already served three years of a sentence of three to nine years, the Court notes that it has previously considered and rejected any mechanical formulation for determining when a delay is excessive. Adoption of such an approach would have the undesirable effect of discouraging the prompt disposition of appeals where the term of incarceration is lengthy while at the same time encouraging the quick disposition of a possibly complex case because of a shorter term of incarceration. *See Wheeler*, 639 F.Supp. at 1379 (rejecting notion that delay of direct appeal of a conviction exceeding one half of petitioner's sentence automatically amounts to a denial of due process).

■ Even if this Court were to find the three year delay in this case to be excessive *per se*, consideration of other factors leads to the finding that Petitioner has not suffered an unconstitutional deprivation of due process. As noted above, the failure to perfect Petitioner's appeal cannot be attributed solely to the state. Where, as here, a criminal defendant takes no affirmative action to see that his appeal is perfected, a federal court cannot place the blame solely upon the state. Thus, this case falls in sharp contrast to cases like *Wheeler* and *Harris* where appointed appellate counsel failed to take appropriate action. *See*

*Wheeler,* 639 F.Supp. at 1379–80; *Harris,* 601 F.Supp. at 989–90.

Also militating against a finding that Petitioner has been denied due process are the actions of the Suffolk County District Attorney's Office. Here, unlike in *Wheeler* and *Knapp,* it was the use of the dismissal calendar that brought the appeal to the attention of the state appellate court. While such action should have been taken earlier, the taking of any action at all appears to be a departure from prior practice. *See Knapp,* 661 F.Supp. at 542 (noting that failure of District Attorney to seek dismissal contributed to delay); *Wheeler,* 639 F.Supp. at 1381–82 (encouraging District Attorney's Offices to make use of the dismissal calendar).

When determining whether the state court delay amounts to a denial of Petitioner's due process rights this Court must also consider the prejudice suffered by Petitioner as a result of the delay. *See Wheeler,* 639 F.Supp. at 1378. Before the State Court, Petitioner sought the withdrawal of his guilty plea and a full trial on the merits of the charges brought against him. While it is likely that the passage of time will make a retrial difficult for the Petitioner (as well as for the State), Petitioner has failed to point to any specific witnesses or evidence that have become unavailable due to the passage of time. Under these circumstances, the Court finds that although Petitioner has been prejudiced by the delay, that prejudice is not overwhelming.

As a final matter this Court must consider the issue of federal-state comity. *See Wheeler,* 639 F.Supp. at 1381. Where, as here, the appeal at issue is *sub judice,* "it would be inappropriate to foreclose the state appellate court from deciding the case." *Wheeler,* 639 F.Supp. at 1381, quoting, *Harris,* 601 F.Supp. at 993.

CONCLUSION

After considering the length of the delay in deciding Petitioner's appeal, the reasons for that delay, the prejudice to defendant and the interest of federal-state comity the Court concludes that Petitioner has not been denied his constitutional right to due process of law. Accordingly, the application for a writ of habeas corpus is denied.

SO ORDERED.