OPINION OF THE COURT
Bellacosa, J.
The parties concede the necessity to find a procedure and a forum in which to address claims of ineffective assistance of counsel allegedly occurring in the intermediate appellate court. We hold that, inasmuch as the Criminal Procedure Law failed to anticipate and to provide for this particular situation, the remedy lies in the intermediate appellate court itself by the invocation and determination there of the traditional writ of error coram nobis.
*595 A synopsis of the procedural context of the case before us begins with the entry of a judgment on October 29, 1982 convicting Rickey Bachert, after jury trial, of the crimes of burglary in the second degree, criminal trespass in the second degree and petit larceny. The conviction was affirmed by the Appellate Division on June 7, 1984 (102 AD2d 904), and leave to appeal to this court was denied in October 1984 (63 NY2d 945).
Bachert subsequently sought to attack his judgment collaterally by bringing a motion to vacate, in the court of conviction, pursuant to CPL 440.10 (1) (h). The ground asserted was ineffective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights. Specifically, Bachert emphasized appellate counsel’s failure to raise any question as to prosecutorial misconduct or to challenge the verdicts as repugnant. The nisi prius court ¿enied Bachert’s motion, holding that it lacked jurisdiction under CPL 440.10 to review a claim of ineffective assistance of appellate counsel. The court reasoned that CPL 440.10 limits collateral attacks on convictions to errors committed at the trial level and since questions regarding appellate counsel can only arise subsequent to the entry of judgment, CPL 440.10 did not confer jurisdiction.
On appeal, the Appellate Division reversed on the law and remitted for further proceedings, in a memorandum decision (121 AD2d 802), stating that ”[s]ince a defendant is entitled to an appeal as of right [from the judgment of conviction] a broad reading of CPL 440.10 (1) (h) would arguably incorporate an ineffective appellate counsel claim” (id., at 804, citing People v Ramos, 108 AD2d 209, 212). The Appellate Division noted the line of precedents using coram nobis to protect defendants wrongfully deprived of the right to counsel (People v Lampkins, 21 NY2d 138; People v Adams, 12 NY2d 417); this court’s willingness to expand the applicability of the writ (People v Hairston, 10 NY2d 92); and the fact that legislative adoption of CPL article 440 was not intended to abolish the common-law writ (People ex rel. Douglas v Vincent, 50 NY2d 901, 905 [Meyer, J., dissenting]). It concluded that a motion pursuant to CPL 440.10 was the appropriate procedural vehicle to challenge the foundation judgment of conviction based on ineffective appellate counsel grounds. On the People’s appeal to this court, we disagree and conclude that CPL 440.10 is not available or appropriate for this purpose.
We reverse and remit to the Appellate Division because a *596 common-law coram nobis proceeding brought in the proper appellate court is the only available and appropriate procedure and forum to review a claim of ineffective assistance of appellate counsel until such time as the Legislature enacts a particular and comprehensive remedy. The absence of a codified form of relief and the long-standing recognition of coram nobis flexibility help lead us to the conclusion that challenges to an intermediate appellate court determination, based upon a claim of ineffective assistance of appellate counsel, whether appointed or retained, should be initiated by writ of error coram nobis before that very court.
The right to effective assistance of counsel on appeal is settled under both the Federal and State Constitutions (see, Evitts v Lucey, 469 US 387, 396 [nominal representation on appeal is like no representation and is constitutionally inadequate]; Anders v California, 386 US 738, 741 [an indigent person has the right to appellate representation equal to that of a nonindigent person]; Douglas v California, 372 US 353, 356-357 [the 14th Amendment requires States to provide indigent persons representation on their appeals as of right]; People v Casiano, 67 NY2d 906, 907 [failure to assign new counsel upon discovering nonfrivolous issues deprived appellant of right to effective assistance of counsel]; People v Gonzalez, 47 NY2d 606, 610 [an indigent appellant must receive substantially the same assistance as one who can afford retained counsel]).
The parties agree that a defendant is entitled to a procedure and forum in which to address claims of ineffective assistance of appellate counsel. They disagree as to what procedural mechanism is best suited or available.
The People, as appellant here, argue that CPL 440.10 (1) (h) is a collateral remedy to address the judgment of conviction itself on matters outside the trial record and that ineffective assistance of appellate counsel claims are by nature postjudgment. They argue that the complaint of ineffective assistance of appellate counsel should be made in the Appellate Division through a motion for reargument, reconsideration or writ of error coram nobis. They point, by parallel argument, to the Legislature’s provision in CPL 460.30 for extensions of time to appeal when, due to counsel’s error, an appeal was not timely filed (see, People v Montgomery, 24 NY2d 130). They further argue that an application for reargument or reconsideration under CPL 470.50 is not limited to prejudgment claims as is CPL 440.10, by its terms.
*597 Bachert, on the other hand, as respondent here, argues that the Appellate Division was correct in concluding that CPL 440.10 should be construed broadly to permit motions to vacate a judgment of conviction on the basis of appellate counsel ineffectiveness. He adopts the Appellate Division’s reasoning that since he is entitled to an appeal as of right from a judgment of conviction (CPL 450.10 [1]), ineffective assistance of counsel on appeal could be folded into a motion under CPL 440.10. He argues that this is an appropriate extension of relief under CPL article 440, which was intended to embrace the deprivation of constitutional rights outside the record, even though the category of ineffective assistance of appellate counsel was not specified by the Legislature at the time of its enactment of CPL 440.10 and the Criminal Procedure Law itself.
A motion to vacate judgment under CPL 440.10 (1) (h) does not include the claim of ineffective assistance of appellate counsel and to force the fit would constitute legislation by judicial fiat. A motion under CPL 440.10 (1) (h) limits the collateral attack to a judgment and to whether the judgment itself was obtained in violation of the defendant’s constitutional rights (People ex rel. Douglas v Vincent, 50 NY2d 901, 905 [Meyer, J., dissenting], supra; People v Corso, 40 NY2d 578, 580; United States ex rel. Johnson v Vincent, 507 F2d 1309, 1312). Appellate courts do not render judgments of conviction; they only affect them. To force this relatively new claim of appellate court error into that tight legislative formulation and into the trial courts for review is ill fitting to the statute and ill suited to the nisi prius court.
Likewise, a motion for reargument (CPL 470.50) is not an acceptable solution since "[a] motion for reargument is not an appropriate vehicle for raising new questions * * * which were not previously advanced either in this court or in the courts below” (see, Simpson v Loehmann, 21 NY2d 990). Also, the lack of uniformity and the relative shortness of time among the State’s various appellate tribunals for making reargument motions, the longest time frame of which is 60 days from service of the order with notice of entry, would lead to disparate treatment of persons seeking review of ineffective assistance of appellate counsel claims. Moreover, reargument is not traditionally perceived as providing the fresh, clean examination which should be given to alleged deprivations of counsel.
*598 As we have done in other times of need, we turn instead to coram nobis as the best available remedy under all the circumstances. In 1943 this court recognized and employed the writ of error coram nobis in Matter of Lyons v Goldstein (290 NY 19, 25) which resurrected the dormant writ in this State (for the history of the writ see, Fuld, Writ of Error Coram Nobis, 117 NYLJ 2212, col 1 [June 5, 1947]; and Cohen, Post-Conviction Relief in the New York Court of Appeals: New Wine and Broken Bottles, 35 Brooklyn L Rev 1). In its modern context a motion for a writ "presupposes a violation of the defendant’s constitutional rights not appearing on the record, no negligence which could be attributed to the defendant for failure to have brought the alleged error to the attention of the court at the time of the trial, and further, that the current proceeding is not a substitute for a new trial, appeal or other statutory remedy” (Frank, Coram Nobis, fl 3.01, at 23; 18 Am Jur 2d, Coram Nobis, § 12, at 632). "Historically the writ issued to correct errors at trial” (Cohen, Post-Conviction Relief in the New York Court of Appeals: New Wine and Broken Bottles, 35 Brooklyn L Rev 1, 14; see also, Matter of Bojinoff v People, 299 NY 145 [minor not asked at arraignment if he wanted counsel and none was appointed]; People ex rel. Sedlak v Foster, 299 NY 291 [denied right to counsel at trial]; Matter of Hogan v Culkin, 18 NY2d 330 [coram nobis to be used to address deprivation of counsel]).
Our court enlarged the purview of the writ to include issues on appeal since we have "not hesitated to expand its scope when necessary to afford the defendant a remedy in those cases in which no other avenue of judicial relief appeared available” (People v Hairston, 10 NY2d 92, 93-94, supra). We recognized that a motion for a writ of error coram nobis lies where it was asserted that a court-appointed lawyer failed to prosecute an appeal (People v De Renzzio, 14 NY2d 732; People v Adams, 12 NY2d 417, supra); that correction authorities interfered with efforts at perfecting an appeal (People v Hairston, 10 NY2d 92, supra); that the defendant’s indigency prevented the perfection of the appeal (People v Ludwig, 16 NY2d 1062; People v Stanley, 12 NY2d 250); that the appellant’s insanity prevented perfection (People v Hill, 8 NY2d 935); and that counsel failed to prosecute the appeal despite the appellant’s wishes that he do so (People v Lampkins, 21 NY2d 138, supra). A foreshadowing of the result we reach today and a recognition of the continued exceptional vitality of the writ of coram nobis, postcodification of CPL article 440, *599 may be found in People ex rel. Douglas v Vincent (50 NY2d 901, supra).
In reaching our holding, we are cognizant that claims of ineffective assistance of appellate counsel were reviewable, under the common law, through two distinct procedural channels. As represented by our decision today in People v Vasquez (70 NY2d 1), if such a claim was timely raised on direct appeal with an adequate record, it was properly reviewable (see, People v Casiano, 67 NY2d 906, supra; People v Gonzalez, 47 NY2d 606, supra). If this potential constitutional deficiency was not apprehended on direct appeal or if the record was not adequate then, under the common law, coram nobis was not simply an appropriate avenue for addressing claims of unconstitutional deprivation of the assistance of counsel, it became the exclusive collateral remedy (see, People ex rel. Douglas v Vincent, 50 NY2d 901, 904-905 [Meyer, J., dissenting], supra [habeas corpus relief inappropriate on claim of ineffective assistance of appellate counsel]; Matter of Hogan v Culkin, 18 NY2d 330, 332, supra [claim that appellant was not represented by counsel at sentence is not redressable by habeas corpus]; People ex rel. Sedlak v Foster, 299 NY 291, 294, supra [coram nobis will lie as remedy for deprivation of right to counsel]).
The codification of criminal procedures in this State in 1971 subsumed most of the common-law postconviction collateral remedies under CPL 440.10, but the Legislature did not expressly abolish the common-law writ of coram nobis or necessarily embrace all of its prior or unanticipated functions within CPL 440.10 (see, People v Corso, 40 NY2d 578, supra; CPL 460.30; Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.10, at 319). The remedy we make available today to address claims of ineffective assistance of appellate counsel is another recognition of the exceptional availability of coram nobis to fill yet another interstice of the law and human experience.
We also conclude that the natural venue for coram nobis review of ineffective assistance of appellate counsel claims is in the appellate tribunal where the allegedly deficient representation occurred. Coram nobis proceedings have traditionally been "addressed [in] the court which rendered the judgment or order from which relief is sought. Where, as here, it is the Appellate Division’s order that is questioned, the application should be to that court” (People ex rel. Douglas v *600 Vincent, 50 NY2d 901, 905 [Meyer, J., dissenting], supra; People v Wurzler, 300 NY 344; 18 Am Jur 2d, Coram Nobis, § 28). The Appellate Division even has the flexibility, should the need arise, to refer factual disputes for hearings to the nisi prius court or perhaps to judicial hearing officers. That court can also adopt rules as are appropriate and necessary to provide for orderly review of coram nobis motions stemming from claims of ineffective assistance of appellate counsel. Indeed, prompt attention to the adoption of uniform rules would be prudent to avoid the results experienced after Matter of Lyons v Goldstein (290 NY 19, supra), where "applications for coram nobis came fast and furiously” (Fuld, Writ of Error Coram Nobis [Part 3], 117 NYLJ 2248, col 1 [June 7, 1947]). Rules could, for example, have discrete criteria for summary consideration and disposition, for minimum standards of sufficiency of motion papers for hearings, or referrals and for other facets which the respective Appellate Division may deem appropriate and necessary (cf., People v Gruden, 42 NY2d 214; CPL 440.30).
Coram nobis relief is the best available, albeit imperfect, solution given the more significant limitations inherent in the alternatives. Thus, even as we render our decision, "we are also obliged to take this opportunity to express our discomfiture” (see, People v Belge, 41 NY2d 60, 62) with the absence of a comprehensive statutory mechanism to address collateral claims of ineffective assistance of appellate counsel. The dimensions of the issue and the policy choices involved require that the more permanent solution should come from the Legislature, for example, even on so important an issue as appealability of this new coram nobis determination (under CPL art 450 and 450.70, such orders would not be appealable by permission or as of right). We invite the Legislature’s prompt attention to this problem.
Until such time as a proper statutory remedy is enacted, an appellant is entitled to bring a motion for a writ of error coram nobis, on the ground of ineffective assistance of appellate counsel, in the appellate tribunal which considered the primary appeal in which counsel was allegedly deficient.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.