**Vernon SNYPE, Petitioner,**

v.

**Robert HOKE, Respondent.**

**No. 89 Civ. 2033 (JES).**

United States District Court,
S.D. New York.

Jan. 3, 1990.

Vernon Snype, Napanoch, N.Y., pro se.

Robert T. Johnson, Dist. Atty., Bronx County, Bronx, N.Y. (Terence J. Sweeney, of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner Vernon Snype brings this petition for Habeas Corpus pursuant to 28

U.S.C. § 2254 (1982). The matter was originally referred to United States Magistrate Kathleen A. Roberts for Report and Recommendation pursuant to 28 U.S.C. § 636(b) (1982). The Magistrate agreed with respondent's argument that the petition contained a mixture of exhausted and unexhausted claims and recommended that the petition be dismissed without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *See* Report and Recommendation ("Report") at 5–6. However, subsequent to the time that the Magistrate's report was filed, respondent brought to the Court's attention new information which bears upon the exhaustion issue, and requires the Court to review the merits of the petition.

## BACKGROUND

Petitioner pleaded guilty to two counts of Robbery in the First Degree, *see* N.Y.Penal Law § 160.15 (McKinney 1988), and was sentenced by Justice Salman to two concurrent, indeterminate terms of imprisonment of from ten years to life because he was classified as a persistent felony offender.[1] *See* Response to the Petition for Habeas Corpus ("Response") at ¶ 5.

Petitioner then challenged the legality of this sentence by a *pro se* motion pursuant to N.Y.Crim.Proc.Law § 440.20 (McKinney 1983). Resentencing was ordered because petitioner should have been sentenced as a second violent felony offender instead of a persistant felony offender. *See* Response at ¶ 6 & Ex. 1. Consequently, the sentence was vacated and petitioner appeared for resentencing on February 26, 1985. At that time, resentencing was adjourned to June 4, 1985 to allow petitioner to make a motion to withdraw his guilty plea. *See* Transcript of February 26, 1985 at 3–4 (annexed to Response at Ex. 9). However, for reasons not clear from the record, peti-

tioner was next produced before the Court, not on June 4, 1985, but instead on February 28, 1985, two days later, when he was resentenced, as a second violent felony offender, to the same sentence of two indeterminate, concurrent terms of imprisonment of from ten to twenty years. *See* Response at ¶ 6.

On January 24, 1986, petitioner filed a *pro se* motion pursuant to N.Y.Crim. Proc.Law § 440.10(1)(b) & (1)(h) (McKinney 1983), alleging the following claims: 1) that his guilty plea was involuntarily and unknowingly entered because his defense attorney mistakenly told him that he could be sentenced to twenty-five years to life after trial as a persistent felony offender, and that he would not have pleaded guilty had he known that he was not a persistent felony offender; 2) that the court's failure to permit him to withdraw his guilty plea when he learned that he was not a persistent felony offender was a violation of due process; and 3) that he was denied the effective assistance of counsel. *See* Petitioner's Motion Pursuant to N.Y.Crim. Proc.Law § 440.10 at 3–10 (annexed to Response as Ex. 2).

Justice Salman denied this motion because sufficient facts appeared in the record to permit review of these claims on a direct appeal of his conviction, which was then pending. *See* Court Order dated March 13, 1986 (annexed to Response as Ex. 4); N.Y.Crim.Proc.Law § 440.10(2)(b) (McKinney 1983). The Appellate Division denied leave to appeal the denial of this motion on June 24, 1986, *see* Certificate of Appellate Division dated June 24, 1986 (annexed to Petitioner's Reply to Respondent's Opposition to the Petition ("Reply")),[2] and petitioner did not seek leave to appeal that denial to the Court of Appeals. *See* Response at ¶ 8.

---

**1.** It is not clear whether the correct terminology should be "persistent felony offender" or "persistent *violent* felony offender." *Compare* Response to the Petition for Habeas Corpus ("Response") at ¶ 5 & Ex. 2 *with* Response, Ex. 1. Although the distinction is not critical to the decision of the issues posed by the Petition, the Court notes that it will adopt the terminology

used by the state court, *i.e.*, persistent felony offender.

**2.** Court records indicate that Magistrate Roberts received petitioner's Reply on May 11, 1989, approximately a week after the Magistrate issued her Report and Recommendation. Accordingly, the Court will treat this document as an objection to Report.

On direct appeal from his sentence, petitioner raised three claims: 1) that the court erred in accepting petitioner's guilty plea because the court failed to establish a sufficient factual basis for the plea; 2) that the court erred in denying petitioner's application to withdraw his guilty plea; 3) that petitioner was denied the effective assistance of counsel at trial in violation of the Sixth Amendment. *See* Brief for Appellant, *People v. Snype*, 128 A.D.2d 1031, 512 N.Y.S.2d 610 (1st Dept.), *appeal denied*, 69 N.Y.2d 1010, 511 N.E.2d 103, 517 N.Y.S.2d 1044 (1987) ("Snype's Brief") (annexed to Response as Ex. 5); Brief for Respondent, *People v. Snype, supra* (annexed to Response as Ex. 6). In asserting these claims, petitioner relied on the circumstance that he was allegedly misinformed about the potential sentence he would face should he proceed to trial. *See* Snype's Brief at 7–12.

On October 23, 1986, petitioner moved for permission to file a supplemental *pro se* brief in support of his direct appeal. *See* Response at ¶ 10, Ex. 7. The Appellate Division denied this motion on February 3, 1987. *See* Response at ¶ 11 & Ex. 8. On March 5, 1987, petitioner moved for reargument of the court's order denying him permission to file a supplemental brief. *See id.* at ¶ 12. In so doing, petitioner argued that his appellate counsel had not been provided with a copy of the transcript of the February 26, 1985 proceedings, where petitioner had been granted an adjournment of his resentencing to make a motion to withdraw his guilty plea, and therefore could not have included any arguments based on that circumstance in his original brief. In this connection, petitioner annexed a letter from his appellate counsel dated February 16, 1987, confirming that he did not receive the February 26 transcript. *See id.* at ¶ 12 & Ex. 9. This motion was denied on April 23, 1987. *See id.* at ¶ 14 & Ex. 11.

On March 12, 1987, the Appellate Division affirmed petitioner's conviction without opinion. *See People v. Snype*, 128 A.D.2d 1031, 512 N.Y.S.2d 610 (1st Dept. 1987) (Response at ¶ 13 & Ex. 10). The New York Court of Appeals denied leave to appeal this decision on May 8, 1987. *People v. Snype*, 69 N.Y.2d 1010, 511 N.E.2d 103, 517 N.Y.S.2d 1044 (1987) (Response at ¶ 15 & Ex. 12).

Petitioner then filed a petition for a writ of habeas corpus in this Court on April 26, 1988. The petition alleged: 1) that his guilty plea was involuntarily and unknowingly obtained because of his mistaken belief that a greater sentence could have been imposed after trial; 2) that he was denied his right to due process under the Fourteenth Amendment because the trial court resentenced him without hearing petitioner's motion to withdraw his guilty plea; 3) that he was deprived of effective assistance of counsel at trial in violation of the Sixth Amendment; and 4) that he was deprived of effective assistance of appellate counsel. Petitioner was permitted to withdraw this petition without prejudice on September 29, 1988 and judgment dismissing this Petition was entered on October 14, 1988. *See* Report at 1–2.

Petitioner then filed a petition for a writ of error *coram nobis* alleging ineffective assistance of his appellate counsel as required by *People v. Bachert*, 69 N.Y.2d 593, 509 N.E.2d 318, 516 N.Y.S.2d 623 (1987). This petition was denied on December 13, 1988. *See* Order of the Appellate Division dated December 13, 1988 (annexed to Reply)

Petitioner returned to this Court on March 27, 1989 and filed the present petition for a writ of habeas corpus. This petition raised three grounds for relief: 1) that petitioner's guilty plea was unlawfully induced or made involuntarily and unintelligently without understanding the nature of the charge or the consequence of the plea, *see* Petition at ¶ 12A; 2) that petitioner was not competently represented by trial counsel, *see id.* at ¶ 12B; and 3) that petitioner was not competently represented by appellate counsel because the brief submitted on his behalf was ineffective and incomplete, *see id.* at ¶ 12C.

The petition was originally referred to Magistrate Roberts for a Report and Recommendation. Respondent argued to the

Magistrate that the petition should be dismissed because it contained a mixture of exhausted and unexhausted claims. In particular, respondent contended that grounds one and three, voluntariness of the guilty plea and ineffective assistance of appellate counsel, respectively, had not been exhausted. Respondent conceded that petitioner's claim of ineffective assistance of trial counsel had been exhausted.

The Magistrate agreed that petitioner's claim of ineffective assistance of appellate counsel was not exhausted because he had not filed a petition for a writ of error *coram nobis* as required by *Bachert.* Therefore, she recommended that the petition be dismissed pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because it contained a mixture of exhausted and unexhausted claims. *See* Report at 5–6.

After the Magistrate issued her report, she received petitioner's Reply, which states that he had filed a petition for a writ of error *coram nobis.* In addition, Assistant District Attorney Terence J. Sweeney wrote to inform the Court that petitioner had in fact filed a writ of error *coram nobis* with respect to that claim. *See* Letter from Terence J. Sweeney to Hon. John E. Sprizzo (May 12, 1989) ("Sweeney letter"). Thus, respondent now concedes that this claim has been properly exhausted.

There is some dispute, however, about whether the petitioner's first claim, that his guilty plea was unknowingly and involuntarily made, was exhausted. The Magistrate made a finding that this claim had been exhausted. *See* Report at 5 n. 2. In his letter, ADA Sweeney objected to this finding. *See* Sweeney letter, *supra.* Petitioner has filed a response to these objections. *See* Letter from Vernon Snype to Hon. John E. Sprizzo (May 19, 1989); *see also* Reply. Therefore, the Court will, as it must, review Respondent's objections *de novo. See* 28 U.S.C. § 636(b) (1982).

## DISCUSSION

██ It is well settled that a state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies. 28 U.S.C. § 2254(b)–(c) (1982); *see Rose v. Lundy, supra,* 455 U.S. at 515–19, 102 S.Ct. at 1201–04; *Daye v. Attorney General,* 696 F.2d 186, 190–92 (2d Cir.1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). This doctrine has two prongs. First, it requires that a habeas petitioner give the state courts "a fair opportunity to pass upon his federal claim," *Daye,* 696 F.2d at 191, by informing the state court of both the factual and legal basis for his federal claim. *Picard v. Connor,* 404 U.S. 270, 275–77, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Daye, supra,* 696 F.2d at 191. Second, "the petitioner must have utilized all available mechanisms to secure review" in the state courts of his federal claims. *Klein v. Harris,* 667 F.2d 274, 282 (2d Cir.1981); [3] *see* 28 U.S.C. § 2254(c). The Court concludes that the Magistrate was correct in finding that petitioner has properly exhausted his claim that his guilty plea was involuntarily and unknowingly obtained because he was not properly informed of the potential sentence that he might face if he were convicted after a trial.

Petitioner clearly raised this claim as a federal one in his motion pursuant to N.Y. Crim.Proc.Law § 440.10 on January 24, 1986. He stated that his plea was obtained in violation of his constitutional right to due process of law, *see* Affidavit in Support of Motion to Vacate Judgment ¶ 1 (annexed to Response at Ex. 2), and he cited cases employing federal constitutional analysis. *Id.* at ¶¶ 4, 6; *see Daye,* 696 F.2d at 192–93. This motion was denied by Justice Salman in March of 1986 and leave to appeal to the Appellate Division was denied on June 24, 1986.

Respondent argues that this claim is not exhausted because petitioner did not seek leave to appeal the Appellate Division's or-

---

**3.** The Second Circuit has criticized *Klein's* analysis regarding fair presentation of a claim to the state courts. *See Daye, supra,* 696 F.2d at 195. However, the Second Circuit has never questioned *Klein's* holding regarding a petitioner's utilization of the appropriate appellate procedures, nor has the court explicitly overruled *Klein.*

der to the New York Court of Appeals. *See* Sweeney letter, *supra.* However, petitioner need not have sought leave to appeal to the Court of Appeals because no appeal lies to the Court of Appeals from an order of the Appellate Division denying leave to appeal. *Klein v. Harris, supra,* 667 F.2d at 283–84 & n. 6 (citing *People v. Williams,* 342 N.Y.S.2d 75, 76 (App.Div. 2d Dep't 1973)); *see also* Bellacosa, Practice Commentary to N.Y.Crim.Proc.Law § 450.15 (McKinney 1983). As the Second Circuit stated in *Klein,* "once the Appellate Division denied [petitioner] leave to appeal the denial of his section 440.10 motion, he had reached 'the end of the road within the state system.'" 667 F.2d at 284 (citations omitted).

In any event, the Court finds that this claim was properly exhausted because petitioner fairly presented it to the New York courts on his direct appeal in accordance with the standards for fair presentation of a constitutional claim set forth in *Daye v. Attorney General, supra,* 696 F.2d at 194.[4] Petitioner's brief to the Appellate Division stated that the basis for his claim that he should have been allowed to withdraw his guilty plea and his claim of ineffective assistance of counsel was his contention that he was misled about the severity of the

sentence he might have faced had he gone to trial. *See* Snype's Brief at 7–13.

This clearly was sufficient to alert the state court to the nature of plaintiff's federal constitutional claim. *See* Report at 5 n. 2.[5] Indeed, a claim that a defendant who has pleaded guilty was denied due process because he was not adequately informed of the potential sentence that he faced is a common due process claim, *see, e.g., Hunter v. Fogg,* 616 F.2d 55, 57 (2d Cir.1980); *Williams v. Smith,* 591 F.2d 169, 170 (2d Cir.), *cert. denied,* 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979); *Caputo v. Henderson,* 541 F.2d 979 (2d Cir.1976), and is certainly "well within the mainstream of due process adjudication." *Daye, supra,* 696 F.2d at 193 (quoting *Johnson v. Metz,* 609 F.2d 1052, 1057 (2d Cir.1979) (Newman, J., concurring).[6]

■ Respondent also argues, relying upon *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989), that even if petitioner has exhausted his claims, the Court should find that he is barred by procedural default. However, petitioner is not barred by procedural default in this case because, unlike the petitioner in *Teague,* he has clearly presented his claim to the Appellate Division on direct appeal. The Court, therefore, rejects this argument.[7]

---

**4.** *Daye* sets out four ways in which a state court prisoner can fairly present the constitutional nature of his claim to the state court without citing chapter and verse of the constitution. These include the following: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." 696 F.2d at 194; *accord Waterhouse v. Rodriguez,* 848 F.2d 375, 381 (2d Cir.1988); *Cousart v. Hammock,* 745 F.2d 776, 778 (2d Cir.1984).

**5.** Petitioner cited *Caputo v. Henderson,* 541 F.2d 979 (2d Cir.1976), in support of his argument that he was denied effective assistance of counsel. *See* Snype's Brief at 12. *Caputo* employed constitutional analysis in addressing the voluntariness of a guilty plea that was based upon misinformation. *See* 541 F.2d at 982–83. By citing a federal case employing federal constitutional analysis in his state court brief, there can

be little doubt that petitioner appraised the state courts of the constitutional nature of his claim, *See Daye,* 696 F.2d at 192–93.

**6.** There is no question that petitioner has exhausted all of the available state appellate remedies on his direct appeal. After his sentence was affirmed, he moved for leave to appeal from the Court of Appeals. The Court of Appeals denied leave to appeal.

**7.** In any event, even if the petitioner had not presented his claim to Appellate Division on direct appeal he would not be barred by any procedural default. Because the Appellate Division affirmed the judgment of the lower court denying petitioner's motion pursuant to N.Y. Crim.Proc.Law § 440.10 without a clear statement that it was relying upon procedural grounds, this Court must presume that it reached the merits of petitioner's claim, *see Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 1044–45, 103 L.Ed.2d 308 (1989), and must also reach the merits of his claim.

## CONCLUSION

The Court finds that petitioner has exhausted all three claims alleged in his petition for a writ of Habeas Corpus. In addition, the Court finds that review of the merits of petitioner's claim that his guilty plea was involutary and unknowing is not barred by procedural default. Respondent is directed to respond to the merits of the petition within thirty days of the date of this opinion, at which time the petition will be referred once again to Magistrate Roberts for a Report and Recommendation with respect to the merits of petitioner's claims.

It is SO ORDERED.