■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEVEN TANNENBAUM, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (De Lury, J.), dated January 25, 1990, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered August 21, 1981, convicting him of attempted murder in the second degree, upon his plea of guilty, on the ground of "ineffective assistance of counsel [in] the delay in the perfection of the [defendant's] appeal".

Ordered that the order is reversed, on the law, the judgment of conviction is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a determination on the issue raised by the defendant in his motion pursuant to CPL 440.10 to vacate the judgment of conviction, i.e., ineffective assistance of trial counsel.

The defendant was convicted in August 1981 upon his plea of guilty to attempted murder in the second degree, and was sentenced to an indeterminate term of three to nine years imprisonment. The defendant filed a timely notice of appeal and, on September 19, 1981, the Supreme Court, Kings County, issued a 120-day stay of execution of the sentence imposed. The defendant neither perfected his appeal—his retained counsel apparently gave up his law practice sometime following the defendant having been sentenced—nor sought an extension of the stay. Moreover, the District Attorney failed to pursue this matter, as a result of which the defendant remained at liberty for approximately eight years. The People finally realized in May 1989 that the defendant had taken no steps to perfect his appeal. Pursuant to an order of this court dated June 15, 1989, the People's motion to dismiss the defendant's appeal as abandoned was denied, but the defendant was directed to serve and file a brief on or before September 15, 1989. By order dated September 25, 1989, this court granted that branch of the defendant's motion which was to enlarge his time to perfect his appeal to the

February 1990 term of this court. While the defendant's appeal was pending in this court, the defendant, by motion dated October 14, 1989, moved in the Supreme Court to vacate his judgment of conviction pursuant to CPL 440.10 on the ground of ineffective assistance of trial counsel. Specifically, the defendant alleged in his motion papers that trial counsel had been ineffective because he failed to inform him of a possible justification defense. By order dated December 30, 1989, this court granted the defendant's request to hold his appeal in abeyance pending a determination of his motion in the Supreme Court, Kings County, to vacate the judgment pursuant to CPL 440.10.

Thereafter, the Supreme Court sent a letter to defense counsel dated January 9, 1990, in which it raised, *sua sponte,* several additional grounds for vacatur of the defendant's judgment of conviction including, *inter alia,* the delay in perfecting the defendant's appeal. After hearing arguments on the ground raised by the defendant in his moving papers, and those raised by the Supreme Court in its letter dated January 9, 1990, the Supreme Court, granted the defendant's motion on the ground of "ineffective assistance of counsel [in] the delay in the perfection of the [defendant's] appeal".

The Court of Appeals has explicitly held that the proper venue for coram nobis review of ineffective assistance of *appellate* counsel claims, including those relating to counsel's failure to perfect an appeal, "is in the appellate tribunal where the allegedly deficient representation occurred" *(People v Bachert,* 69 NY2d 593, 599). Thus, the Supreme Court lacked the jurisdiction to entertain, much less to grant the defendant's motion to vacate his judgment of conviction based on counsel's delay in perfecting the defendant's appeal. Accordingly, the order appealed from must be reversed. However, since the Supreme Court did not determine the claim raised in the defendant's motion papers which was properly before it, i.e., ineffective assistance of *trial* counsel in not advising the defendant of a possible justification defense, the matter is remitted to the Supreme Court for a determination on that issue. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.