Victor SOWELL, Petitioner,

v.

James STINSON, Superintendent, Great Meadow Correctional Facility, Respondent.

No. 97–CV–6851 (ARR).

United States District Court, E.D. New York.

Oct. 1, 1998.

Victor Sowell, Comstock, NY, petitioner pro se.

Diane R. Eisner, Asst. D.A. Kings County, Brooklyn, NY, for respondent.

## OPINION AND ORDER

ROSS, District Judge.

Petitioner Victor Sowell has petitioned this court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). For the reasons discussed below, the motion is denied. Respondent is directed to respond to the merits of the petition on or before October 31, 1998.

### I. Background

Petitioner was convicted by jury in the New York State Supreme Court, Kings County of Murder in the Second Degree and two counts of Criminal Possession of a Weapon in the Third Degree. On March 16, 1988, petitioner was sentenced to concurrent terms of imprisonment of twenty-five years to life on the murder count, and two and one-half to seven years on each of the weapons counts. On direct appeal, petitioner's conviction was unanimously affirmed by the Appellate Division, Second Department on April 15, 1991. *See People v. Sowell,* 172 A.D.2d 703, 568 N.Y.S.2d 830 (2d Dept.1991) (reported as *People. v. Royall*). On August 20, 1991, petitioner's request for leave to appeal to the New York Court of Appeals was denied. *See People v. Sowell,* 78 N.Y.2d 975, 574 N.Y.S.2d 954, 580 N.E.2d 426 (1991).

On June 10, 1993, petitioner moved to vacate his convictions pursuant to N.Y. Criminal Procedure Law § 440.10. That motion was denied on November 12, 1993, and petitioner's request for leave to appeal was denied by the Appellate Division on March 22, 1994 and by the Court of Appeals on December 21, 1994.

On July 11, 1996, petitioner launched a second collateral attack on his convictions, moving in the Appellate Division for a writ of error *coram nobis* on the grounds that his appellate counsel provided him with ineffective assistance. On October 21, 1996, the Appellate Division denied petitioner's motion. By a letter dated November 21, 1996, petitioner requested that the Court of Appeals grant him leave to appeal the Appellate Division's decision. On November 26, 1996, the Clerk of the Court of Appeals acknowledged receipt of petitioner's request and informed him that: "[i]t appears that the order of the intermediate appellate court to which you refer is not appealable to this Court under Criminal Procedure Law Section 450.90. If you wish a judicial determination to that effect, please send a copy of the order to this office." *See* Resp. Reply Affid.Exh. A. Petitioner subsequently complied with the letter and submitted a copy of the order to the Court of Appeals; his request for leave to appeal was formally denied on May 30, 1997.

On October 30, 1997, petitioner filed the instant petition with this court. Respondent moved to dismiss the petition as time barred by 28 U.S.C. § 2244(d)(1).

### II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, amended 28 U.S.C. § 2244 to establish a one year statute of limitations for writs of *habeas corpus* filed under 28 U.S.C. § 2254. Generally, in order to satisfy the AEDPA, each petitioner whose judgment of conviction became final prior to the statute's enactment must file his *habeas* petition on or before April 24,

1997.[1]  *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998).  In the instant case, petitioner's judgment became final well before the statute's enactment.[2]  As petitioner did not file his petition with this court until October 30, 1997, the petition must be deemed time barred, absent a tolling of the statute of limitations.

The AEDPA provides for tolling of the statute of limitations during "the time . . . which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  In this case, it is undisputed that the statute of limitations ran from April 24, 1996 to July 11, 1996—a period of two and one-half months.  However, on July 11, petitioner moved in state court for a writ of error *coram nobis*.  That motion was not decided until October 21, 1996.  Moreover, one month later, petitioner filed a request for leave to appeal the denial of his motion for a writ of error *coram nobis* on November 21, 1996; that request was not formally decided by the Court of Appeals until May 30, 1997.  Five months later, petitioner filed the instant *habeas* petition.  As a result, if petitioner's motion for a writ of error *coram nobis* and attempted appeal of the denial of that motion are deemed sufficient to toll the statute of limitations, only eight and one-half months of the one-year statute of limitations would have elapsed, and the petition would be timely.

■  The respondent contends that the petitioner's application to the New York Court of Appeals for leave to appeal the denial of his motion for a writ of error *coram nobis* did not toll the statute of limitations.[3]  In particular, respondent argues that because the Court of Appeals ruled that denial of a writ of error *coram nobis* "is not appealable," *People v. Sowell*, Pet.Affid.Exh. 14(a), petitioner's request for leave to appeal was not a "properly filed" application for collateral review under 28 U.S.C. § 2244(d)(2).

Though the Second Circuit has yet to address the question of what constitutes a "properly filed" application for collateral review in state court, the majority of courts that have addressed the issue have decided that an application is properly

1.  There was some initial confusion in this circuit as to whether the law allowed all incarcerated individuals one year from its effective date to file a petition.  *See Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997).  However, the Second Circuit resolved the confusion by adopting a bright-line one-year grace period from the effective date for all prisoners.  *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998).

2.  The petitioner's conviction became final on November 18, 1991, ninety days after the date his application for leave to appeal to the New York Court of Appeals was denied.  *See Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y.1997) (concluding that convictions are not final until conclusion of time during which petitioner could have appealed to U.S. Supreme Court).

3.  In his reply brief, respondent also appears to argue that the petition to the Appellate Division for a writ of error *coram nobis* should not toll the statute of limitations because the petitioner filed a virtually identical *coram nobis* petition two years earlier with the Court of Appeals.  *See* Resp. Reply Affid. at ¶ 9. This argument is meritless.  In holding an application for a writ of error *coram nobis* to be the only way to assert a claim of ineffective assistance of appellate counsel, the Court of Appeals stated that such applications "are to be brought in the appellate tribunal where the allegedly deficient representation occurred."  *People v. Bachert*, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987).  Subsequently, the court clarified that such *coram nobis* writs can only be obtained from the Appellate Division and not the Court of Appeals.  *See Garcia v. Keane*, 973 F.Supp. 364, 371 (S.D.N.Y.1997).  In challenging the effectiveness of his counsel during his direct appeal to the Court of Appeals, the *pro se* petitioner erroneously but understandably relied on the *dicta* in *Bachert* and applied for a writ of error *coram nobis* in the Court of Appeals; because of the mistake, the Court of Appeals returned his papers without even ruling on them.  *See* Resp. Reply Affid.Exh. C.  The *pro se* petitioner's understandable confusion as to the proper forum has no bearing on whether his second *coram nobis* application, properly filed in the Appellate Division, should toll the statute of limitations.

filed when "submitted in accordance with ... applicable procedural requirements, such as notice to the respondent, correct place of filing, and timeliness of the motion." *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997); *accord Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998); *Joyner v. Vacco,* 1998 WL 633664, at *2 (S.D.N.Y.1998); *United States v. Gilmore,* 26 F.Supp.2d 1035, 1039–40 (N.D.Ill.1998); *Figueroa v. Kelly,* 1997 WL 833448, at *4 (E.D.N.Y.1997). As a result, while courts have deemed collateral attacks improperly filed where petitioners have failed to meet filing deadlines, *see Maddaloni v. Greiner,* 1997 WL 438801, at *2 (S.D.N.Y.1997), most courts have refused to consider the merits of collateral attacks, rejecting respondents' arguments that "frivolous" attacks are not "properly filed" and thus should not toll the statute of limitations under the AEDPA. *See, e.g., Lovasz,* 134 F.3d at 149; *Joyner,* 1998 WL 633664, at *2; *Hughes,* 967 F.Supp. at 778; *but see Valentine v. Senkowski,* 966 F.Supp. 239, 241 (S.D.N.Y.1997).

This case presents a difficult question. On the one hand, the respondent argues with some force that petitioner failed to "properly file" his application for leave to appeal because the Court of Appeals was not the "correct place of filing" and thus the petitioner did not comply with procedural requirements. *Hughes,* 967 F.Supp. at 778. On the other hand, in two previous cases, district courts in this circuit have held that the AEDPA statute of limitations is tolled by applications for leave to appeal denials of writs of error *coram nobis* to the Court of Appeals. *See Banks v. Keane,* 1998 WL 305527, at *1–2 (E.D.N.Y. 1998); *Valentine,* 966 F.Supp. at 240.

Important to the resolution of this case is the fact that it involves the doctrine of error *coram nobis,* a murky and complicated area of state law not amenable to easy interpretation. Over the years, the New York Court of Appeals has somewhat unpredictably tailored the scope of this common law writ to address situations where

no other relief is available. *See People v. Bachert,* 69 N.Y.2d 593, 598, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987) ("As we have done in other times of need, we turn ... to *coram nobis* as the best available remedy under the circumstances"); Michael Marks Cohen, *Post-Conviction Relief in the New York Court of Appeals: New Wine and Broken Bottles,* 35 Brooklyn L.Rev. 1 (1968). When it designated application to the Appellate Division for a writ of error *coram nobis* as the only procedural mechanism for alleging ineffective assistance of appellate counsel, the Court of Appeals implied in *dicta* that there might not be an avenue for appealing the Appellate Division's decision. *Bachert,* 69 N.Y.2d at 600, 516 N.Y.S.2d 623, 509 N.E.2d 318. However, as far as this court can determine, the Court of Appeals has never *explicitly* held that there is no avenue for appeal of ineffective assistance of appellate counsel claims.

In attempting to exhaust his state remedies, the petitioner correctly sought a writ of error *coram nobis* based on ineffective assistance of appellate counsel in the Appellate Division. Upon the denial of his writ, the *pro se* petitioner was then presented with a complicated legal question: while the *Bachert* decision implied that the Court of Appeals might not hear his appeal of that denial, federal *habeas* precedent required that he exhaust all available state remedies. *See Jones v. Vacco,* 126 F.3d 408, 413 (2d Cir.1997). Presented with this murky area of law, the petitioner wisely chose to leave no stone unturned and requested leave to appeal. Upon receiving his request, the Court of Appeals informed petitioner that, in order to obtain a judicial determination, he must file a copy of the order with the Court Clerk.

█ The underlying rationale for not addressing the merits of applications for state collateral review before tolling the statute of limitations is the principle of comity. *See Lovasz,* 134 F.3d at 147. Our system of federalism requires that "the States have the first opportunity to address and correct alleged violations of

state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Even more clearly, federalism requires that state courts—not federal courts—define their own state systems of common law *habeas* review.

■ Respondent asks this court to interpret a complicated area of state *coram nobis* law to determine that the petitioner's request for leave to appeal was not "properly filed" in the right state court. This court declines this invitation for three reasons. First, this court agrees with the majority that proper filing under the AEDPA means compliance with clear procedural requirements, such as filing deadlines and notice requirements. Whether or not the seldom used and often changing state doctrine of *coram nobis* includes the right to an appeal does not appear to this court to represent a clear procedural question. In addition, principles of comity counsel that a complicated question of state common law like this one is better left to the state courts than decided by a federal court in the context of a statute of limitations question.

Second, to require a *pro se* petitioner to understand that he probably should attempt to appeal the denial of his *coram nobis* motion to ensure the exhaustion of state remedies, but that this appeal might not toll the statute of limitations for a federal *habeas* is asking too much. Moreover, legal research would have informed petitioner that courts have tolled the AEDPA statute of limitations while the Court of Appeals considered and rejected granting leave to appeal the denial of writs of *coram nobis. See, e.g., Valentine,* 966 F.Supp. 239. To now hold that petitioner's request for leave to appeal does not toll the statute of limitations would be inequitable.

Finally, in this case, the Court of Appeals informed the petitioner that a judicial determination of his request for leave to appeal would be forthcoming *only* if he submitted a copy of the order denying his writ of error *coram nobis.* When petition-

er submitted his papers, the Court of Appeals did not deny leave to appeal for another six months. In a case where the Court of Appeals actively encouraged the petitioner to file papers, it would be inequitable not to toll the federal statute of limitations while the Court's decision was pending.

In sum, in this case, this court determines the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1) was tolled both by petitioner's motion for a writ of error *coram nobis* and by his request for leave to appeal the denial of that motion. As a result, when Sowell filed this federal *habeas* petition, only eight and one-half months of the statute of limitations had run and thus the petition was timely filed.

III. Conclusion

For the reasons stated above, respondent's motion to dismiss Sowell's petition for a writ of *habeas corpus* as untimely is denied. Respondent is directed to file any opposition to the petition on or before October 31, 1998. Petitioner may reply within twenty (20) days of receipt of the respondent's papers.

SO ORDERED.