Darien TURNER, Petitioner–Appellant,

v.

David MILLER, Superintendent of Eastern Correctional Facility, Respondent–Appellee.

No. 03–2910.

United States Court of Appeals, Second Circuit.

March 2, 2005.

Robert A. Culp, New York, NY., for Appellant.

Cynthia Kean, Assistant District Attorney (Charles J. Hynes, District Attorney, Kings County, New York; Leonard Joblove and Amy Appelbaum, Assistant District Attorneys, on the brief), Brooklyn, N.Y., for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, Circuit Judge, and OWEN, District Judge.*

## SUMMARY ORDER

Petitioner-appellant Darien Turner appeals from the October 29, 2003, judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Familiarity with the facts and procedural history is assumed.

On appeal, Turner contends that: (1) his counsel was constitutionally ineffective for failing to properly file a notice of appeal; and (2) this ineffectiveness claim was not procedurally defaulted, and, in any event, petitioner can show cause and prejudice to overcome the default.

Respondent now concedes that Turner's counsel was ineffective for failing to file a notice of appeal and suggests that this court should remand the case to the district court so that petitioner can properly exhaust his claim by filing a writ of error coram nobis with the New York Appellate Division. The respondent further offers to consent to the grant of this writ, and, if the Appellate Division denies the writ, to support Turner in his application to seek leave to appeal to the New York Court of Appeals.

Despite Turner's argument to the contrary, we find that the proper vehicle for advancing the ineffectiveness claim for his attorney's failure to file the notice of appeal is a coram nobis petition to the Appellate Division. *See People v. Bachert,* 69 N.Y.2d 593, 596, 516 N.Y.S.2d 623, 509

---

* The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation.

N.E.2d 318 (1987); *see also Dumas v. Kelly,* 105 F.Supp.2d 66, 67, 74 (E.D.N.Y. 2000) (dismissing habeas petition, which claimed ineffective assistance of counsel for failure to file a notice of appeal, because the claim was not raised via a coram nobis petition in the Appellate Division); *Boynton v. Hicks,* No. 02 Civ. 1439, 2003 WL 22087634, at *3, 2003 U.S. Dist. LEXIS 15705, at *10 (S.D.N.Y. Sept. 9, 2003) ("The [New York] Court of Appeals has explicitly held that the proper venue for a coram nobis review of ineffective assistance of appellate counsel claims ... is in the appellate tribunal where the allegedly deficient representation occurred." (internal quotation marks and citations omitted)).

Accordingly, upon the consent of the respondent, we hereby **REMAND** this case to the district court and instruct the district court to stay the habeas petition in order to allow Turner to exhaust his ineffective assistance of appellate counsel claim via a coram nobis petition.